W. L. SCALES, JR., v. PANNIE S. SCALES, OCTAVIA SCALES PHILLIPS AND HUSBAND, F. DONALD PHILLIPS, JOHN M. SCALES AND WIFE, RUTH H. SCALES, WILLIAM S. SCALES AND WIFE, LOUISE M. SCALES, MARY LEAK SCALES SEATE AND HUSBAND, CLYDE SEATE, AND FRED W. BYNUM, TRUSTEE FOR H. J. ROLLINS, AND H. J. ROLLINS.

(Filed 27 November, 1940.)

**Judgments § 37b—Where one of judgment debtors, jointly and severally liable, discharges judgment under compromise agreement, he is entitled to contribution on basis of amount paid.**

Where one of several judgment debtors, jointly and severally liable, discharges the entire judgment under a compromise agreement with the judgment creditor by payment of a fraction of the amount of the judgment, he is entitled to an assignment of the judgment to a trustee for his benefit under C. S., 618, and is entitled to recover from each of his codefendants the proportionate part of such codefendant's liability in the amount of the compromise settlement, he being entitled to contribution on the basis of the amount actually paid for the full discharge of the judgment even though such amount does not equal his proportionate liability on the original amount of the judgment.

APPEAL by plaintiff from *Alley, J.,* at July Civil Term, 1940, of RICHMOND.  Affirmed.

This is a special proceeding instituted before the clerk of the Superior Court of Richmond County to sell land for division of the proceeds among the tenants in common and for cancellation of the outstanding judgment against W. L. Scales, Jr., one of the tenants in common, as a cloud upon the title.  It was agreed that the land should be sold free and clear from the lien of the judgment and that the share in the proceeds of such sale which belonged to the plaintiff W. L. Scales, Jr., should be held by the clerk of the Superior Court pending the settlement of this case.  The judgment referred to as being outstanding against plaintiff W. L. Scales, Jr., was a judgment against H. M. Neal, W. L. Scales, Jr., and H. J. Rollins on two notes which were made by the corporation, H. M. Neal, Inc., and which were endorsed on the back by H. M. Neal, W. L. Scales, Jr., and H. J. Rollins.  The judgment was for $3,250.00.  It is admitted by the record in the case that H. M. Neal, W. L. Scales, Jr., and H. J. Rollins were primarily and equally liable; therefore, jointly and severally liable on the judgment.

In 1934, H. J. Rollins paid the judgment creditor, the Commissioner of Banks, in full for the judgment—$225.00—and in consideration therefor, the Commissioner of Banks assigned the judgment to Fred W. Bynum, Trustee.

The plaintiff claims that the payment by defendant H. J. Rollins satisfied the judgment as to all of the judgment debtors, asked that the court declare the judgment satisfied, and the clerk of court did so. On appeal to the Superior Court, Judge Alley held that the assignment was valid and ordered that the clerk pay to H. J. Rollins, out of the share of W. L. Scales, Jr., of the proceeds of the sale of the land the sum of $75.00, with interest from 24 September, 1934, at the rate of six per cent per annum.

The judgment of the court below is as follows: "This cause coming on to be heard before Hon. Felix E. Alley, the Judge holding the courts of the 13th Judicial District, at the July, 1940, Civil Term of Richmond Superior Court, on appeal of the defendants, Fred W. Bynum, Trustee for H. J. Rollins, and H. J. Rollins, from a judgment of Hon. W. S. Thomas, Clerk of the Superior Court of Richmond County, rendered on the 27th day of June, 1940, and the Court being of the opinion that the assignment of the judgment in the case entitled 'Gurney P. Hood, Commissioner of Banks, *ex rel.* the Bank of Pee Dee, *v.* H. M. Neal, W. L. Scales, Jr., and H. J. Rollins,' which appears of record in the office of the Clerk of Court of Richmond County, N. C., in Judgment Docket No. 29, at page 160, as set forth in the judgment of Hon. W. S. Thomas, Clerk of the Superior Court of Richmond County, in the above entitled action, is a valid and proper assignment of said judgment to Fred W. Bynum, Trustee; AND it further appearing to the Court that the Clerk of the Court of Richmond County now has in his hands certain funds belonging to the plaintiff, W. L. Scales, Jr., and who is one of the defendants named in the judgment above referred to and that said funds were derived from the sale of real estate in which the said W. L. Scales, Jr., has an interest and it was agreed by the parties hereto that said funds should be held by the Clerk of said Court pending a determination of the rights of said parties to said funds by the Court; AND it further appearing to the Court that the defendant H. J. Rollins paid to the Commissioner of Banks the sum of $225.00 on the 24th day of September, 1934, for said judgment, and at which time he had the same transferred to Fred W. Bynum, Trustee; IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED that the judgment of Hon. W. S. Thomas, Clerk of the Superior Court of Richmond County, as rendered on the 27th day of June, 1940, and which appears of record in said office, be, and the same is hereby reversed. It is further Ordered and Adjudged that the Clerk of said Court shall pay over to Fred W. Bynum, Trustee, the sum of $75.00 with interest thereon from September 24, 1934, at the rate of 6% per annum, the same being one-third of the amount paid by H. J. Rollins for said judgment and for which the said W. L. Scales, Jr., is liable. It is further Ordered that the plaintiff

pay the costs accrued for this appeal and that the said Fred W. Bynum, Trustee, and H. J. Rollins shall not be liable for any of the costs of this action. By consent of the parties plaintiff and defendants, it was agreed that the court might take the court papers in this action and the briefs of plaintiff and defendants and render its judgment as of the July Civil Term, 1940, of Richmond Superior Court. Felix E. Alley, Judge Presiding."

To the foregoing judgment the plaintiff excepted, assigned error and appealed to the Supreme Court.

*Thomas H. Leath for plaintiff.*
*George S. Steele, Jr., and Fred W. Bynum for defendants.*

CLARKSON, J. On the facts in this case, did the court err in signing the above judgment? We think not.

N. C. Code, 1939 (Michie), sec. 618, in part, is as follows: "In all cases in the courts of this State wherein judgment has been, or may hereafter be, rendered against two or more persons or corporations, who are jointly and severally liable for its payment either as joint obligors or joint tort-feasors, and the same has not been paid by all the judgment debtors by each paying his proportionate part thereof; if one of the judgment debtors shall pay the judgment creditor, either before or after execution has been issued, the amount due on said judgment, and shall, at the time of paying the same, demand that said judgment be transferred to a trustee for his benefit, it shall be the duty of the judgment creditor or his attorney to transfer without recourse such judgment to a trustee for the benefit of the judgment debtor paying the same; and a transfer of such judgment as herein contemplated shall have the effect of preserving the lien of the judgment and of keeping the same in full force as against any judgment debtor who does not pay his proportionate part thereof to the extent of his liability thereunder in law and in equity," etc. *Fowle v. McLean,* 168 N. C., 537; *Hamilton v. R. R.,* 203 N. C., 468; *Hoft v. Mohn,* 215 N. C., 397.

H. M. Neal, W. L. Scales, Jr., and H. J. Rollins were all primarily and equally liable, jointly and severally, on the judgment. H. J. Rollins *paid the judgment* and under the statute, *supra,* it was transferred to Fred W. Bynum, Trustee. Scales is one of the judgment debtors and has paid no part of the judgment. The judgment is a lien on the land. N. C. Code, *supra,* sec. 614. The fact that the judgment was settled for $225.00 does not release Scales' land from the lien of the judgment against him. Sec. 618, *supra.* His liability was joint and several to the creditor and his liability was his proportionate part among the judgment debtors—one-third of the judgment. In equity, it having been

purchased for $225.00, his liability would be at least $75.00—one-third the purchase price of the judgment, there being three judgment debtors.

It is contended by plaintiff that "It is apparent that H. J. Rollins acquired no rights against his codefendant debtors, who were jointly and severally liable with him, by having the judgment assigned to a trustee for his benefit, for the reason that by paying $225.00 for the transfer of the $3,250.00 judgment, he paid neither the entire judgment nor more than his proportionate part thereof, which is a condition precedent to make the assignment sufficient at law to keep the judgment alive and thus enable him to wield it against his co-debtors." We cannot sustain this contention. We do not think it is applicable on the facts of record in this case. Rollins not only paid his proportionate part, but the *entire judgment* of $3,250.00 and the "entire debt" which was reduced to judgment. The judgment against H. M. Neal, W. L. Scales, Jr., and H. J. Rollins is settled by Rollins', paying the $225.00. The assignment to the trustee protects him and preserves the lien against the other judgment debtors. We think this is consonant with law and equity under the statute, *supra,* sec. 618, before cited. *Fowle v. McLean, supra,* p. 543.

In 13 American Jurisprudence, sec. 18, p. 23, is the following: "The basis for ascertainment of the excess paid is not necessarily the amount of the original common obligation; if the claimant has satisfied the entire debt or demand or relieved the whole burden by payment of a less amount, he is entitled to contribution only on the basis of the amount actually paid. In the case of a compromise made by the claimant, the sum recoverable must be ascertained on the basis of the amount paid in compromise, each contractor being entitled to the benefit of the compromise," etc.

The rule that the claimant must have paid more than his pro rata share of the common liability does not render it necessary that he shall have paid more than such share of the original liability, provided the debt to the creditors has been extinguished as against all the obligors. 14 B. R. C., 713; Am. Law Inst. Restatement, Restitution, sec. 82.

For the reasons given, the judgment of the court below is

Affirmed.