HAZEL FOSTER JORDAN v. BARBARA ELMORE BLACKWELDER, ROBERT R. BLACKWELDER AND EDITH LORENE JONES.

(Filed 29 April, 1959.)

**1. Automobiles § 43—**
     The evidence, considered in the light most favorable to the original

defendants, *held* sufficient to carry the case to the jury on their cross-action against the additional defendant joined for contribution.

**2.  Automobiles § 17—**

G.S. 20-155 does not apply to an intersection of a servient highway with a dominant highway, but the driver along the servient highway or street upon which a stop sign has been duly erected is required not only to stop, but to exercise due care to see that he may enter or cross the dominant highway or street in safety before he enters the intersection, G.S. 20-158(a), and an instruction charging the law under G.S. 20-155 in an action involving a collision at an intersection of a dominant and servient highway, must be held for prejudicial error.

**3.  Torts § 6—**

G.S. 1-240 does not contemplate that a party brought in as an additional defendant should pay more than her pro rata part of the verdict rendered against the original defendants.

**4.  Same— Tort-feasor is entitled to have sums paid to plaintiff deducted from his pro rata liability.**

Where the insurer for the additional defendant has paid medical and hospital bills of the injured person, and the parties stipulate that the court might, in its discretion, deduct such amount from the verdict of the jury, upon the jury's verdict for plaintiff against the original defendants, and in favor of the original defendants against the additional defendant on the cross-action, the court should render judgment for plaintiff against the original defendants for the amount of the verdict and in favor of the original defendants against the additional defendant for one half the amount of the verdict less the sums paid for medical and hospital bills, and it is error for the court to deduct such amount from the verdict before providing for contribution.

APPEAL by additional defendant Edith Lorene Jones from *Gwyn, J.,* Regular August Term 1958 of IREDELL.

This is a civil action instituted by the plaintiff to recover damages for personal injuries she received as a result of an automobile collision in the Town of Troutman on 31 August 1956. The collision occurred at the intersection of Main and Morgan Streets and involved a 1952 Chevrolet automobile, owned and operated by the additional defendant, and a 1947 Ford automobile being operated at the time by Barbara Elmore Blackwelder.

Both Main and Morgan Streets are paved, Main being a street 21 feet wide, and Morgan 17 feet wide. Main Street runs north and south, parallel to a railroad track and is the dominant street; there is a stop sign erected at the entrance thereto from Morgan Street, the intersecting street, which runs east and west.

Plaintiff was a passenger in the car of the additional defendant Jones. She alleged in her complaint that the defendant Barbara Elmore Blackwelder was negligent in the operation of the 1947 Ford

JORDAN v. BLACKWELDER.

automobile, and that defendant Robert R. Blackwelder owned said automobile. The defendants answered, denying negligence, and by way of cross-action alleged that if they were negligent in any manner, the negligence of the additional defendant Jones contributed to plaintiff's injuries and prayed the court that defendant Jones be made an additional party defendant pursuant to the provisions of G.S. 1-240. The defendant Jones was made a party defendant to the action and in her answer to the cross-action denied negligence on her part.

It was stipulated by all the parties that the stop sign testified to by certain witnesses for the plaintiff as being situated on Morgan Street where it intersects with Main Street from the east in the Town of Troutman, was and is a standard stop sign duly posted thereon by authority of the governing body of the Town of Troutman, North Carolina, and by ordinances enacted prior to this accident and for such purposes, and that Main Street is a through street and Morgan Street is a servient street.

During the course of the trial, plaintiff sought to introduce into evidence the amounts of medical bills and expenses which she incurred as a result of the injuries sustained in the collision. This was objected to on the ground that some or all of the bills had been paid by the insurance carrier of the additional defendant Jones. Upon an intimation by the court that plaintiff would not be entitled to show damages for which she had already been compensated, it was stipulated that such amounts as had been paid ($688.73) might, in the court's discretion, be deducted from any verdict recovered by the plaintiff. Thereupon, it was agreed that the plaintiff might offer in evidence proof of the hospital, doctor, and medical bills.

Upon proper issues submitted, the jury returned a verdict that plaintiff had been injured by the negligence of the defendant Barbara Elmore Blackwelder; that defendant Barbara Elmore Blackwelder was at the time of the alleged injuries an agent of Robert R. Blackwelder and acting within the scope of her authority; that plaintiff had been damaged in the amount of $6,000; and that defendant Jones was jointly and concurrently negligent in causing the injuries suffered by plaintiff. Thereupon, the court entered judgment which reduced the amount of damages recoverable by plaintiff by $688.73, and decreed that plaintiff recover $5,311.27 from the defendants Blackwelder, and that defendants Blackwelder recover $2,655.63 from the defendant Jones.

The additional defendant Jones appeals, assigning error.

*Carpenter & Webb for appellant.*
*Scott, Collier, Nash & Harris for appellees.*

DENNY, J. The appellant's first exception and assignment of error is directed to the refusal of the trial judge to sustain her motion for judgment as of nonsuit to the cross-action, interposed at the close of the evidence of the original defendants and renewed at the close of all the evidence.

In our opinion, when the evidence is considered in the light most favorable to the original defendants, as it must be on motion for nonsuit of their cross-action, it is sufficient to carry the case to the jury, and we so hold.

The appellant's fourth assignment of error is to that portion of the court's charge to the jury, set out below between the letters (A) and (B), and her fifth assignment of error is to that portion of the charge set out herein between the letters (C) and (D): "(A) Mrs. Blackwelder, approaching the intersection from the east, that is admitted, and being on the left of the automobile driven by Miss Jones, if the two automobiles entered or approached the intersection at approximately the same time, then it was the duty of Mrs. Blackwelder to yield the right of way to the automobile driven by Miss Jones, and if she failed to yield the right of way under such circumstances, that would be negligence on the part of Mrs. Blackwelder. Two motor vehicles approach or enter an intersection at approximately the same time within the purview of these rules, whenever their respective distance from the intersection, their relative speed and other attendant circumstances show that the driver of the vehicle on the left should reasonably apprehend that there is danger of a collision unless he delays his progress until the vehicle on the right has passed, (B).

"(C) but the driver of a vehicle approaching but not having entered an intersection shall yield the right of way to the vehicle already within such intersection, so if at the time the defendant Miss Jones approached the intersection but not having entered the intersection the defendant Mrs. Blackwelder had already driven her automobile within the intersection, then it was the duty of Miss Jones to yield the right of way to Mrs. Blackwelder, and if she failed under such circumstances to yield the right of way, that would be negligence on the part of Miss Jones. (D)"

The above instructions were given pursuant to the provisions of G.S. 20-155 which in pertinent part reads as follows:

"(a) When two vehicles approach or enter an intersection and/or junction at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right except as otherwise provided in section 20-156 and except where the vehicle on the right is required to stop by a sign

erected pursuant to the provisions of section 20-158 * * *. (b) The driver of a vehicle approaching but not having entered an intersection and/or junction, shall yield the right of way to a vehicle already within such intersection and/or junction whether the vehicle in the junction is proceeding straight ahead or turning in either direction * * *."

The above statute is not applicable to the facts in this case. The factual situation with respect to the right of way of the respective parties involved on this appeal is governed by G.S. 20-158 which in part reads as follows: "(a) The State Highway Commission, with reference to State highways, and local authorities, with reference to highways under their jurisdiction, are hereby authorized to designate main traveled or through highways by erecting at the entrance thereto from intersecting highways signs notifying drivers of vehicles to come to full stop before entering or crossing such designated highway, and whenever any such signs have been so erected it shall be unlawful for the driver of any vehicle to fail to stop in obedience thereto and yield the right of way to vehicles operating on the designated main traveled or through highway and approaching said intersection. No failure so to stop, however, shall be considered contributory negligence *per se* in any action at law for injury to person or property; but the facts relating to such failure to stop may be considered with the other facts in the case in determining whether the plaintiff in such action was guilty of contributory negligence."

This latter statute not only requires the driver on the servient highway or street to stop, but such driver is further required, after stopping, to exercise due care to see that he may enter or cross the dominant highway or street in safety before entering thereon. *Primm v. King,* 249 N.C. 228, 106 S.E. 2d 223; *Badders v. Lassiter,* 240 N.C. 413, 82 S.E. 2d 357; *Edwards v. Vaughn,* 238 N.C. 89, 76 S.E. 2d 359; *Morrisette v. Boone Co.,* 235 N.C. 162, 69 S.E. 2d 239; *Matheny v. Central Motor Lines,* 233 N.C. 673, 65 S.E. 2d 361; *Satterwhite v. Bocelato,* 130 F. Supp. 825. Cf. *Downs, Admr. v. Odom, ante* 81.

We think these assignments of error were well taken and must be upheld. Consequently, the appellant is entitled to a new trial on the cross-action and it is so ordered.

The appellant's seventh assignment of error deals with the failure of the court below to allow the appellant credit for the amount which her insurance carrier paid the plaintiff, which amount was deducted by the court below from the verdict in favor of the plaintiff.

In light of the stipulation entered into by and between the parties, the court was authorized, in its discretion, to reduce the amount of

any verdict recovered by the plaintiff by such amounts ($688.73) as had been paid to the plaintiff by the additional defendant's insurance carrier to cover medical expenses.

The plaintiff, pursuant to her pleadings, could recover no verdict against the additional defendant, but only against the original defendants. Hence, if the jury had not found the additional defendant guilty of concurrent negligence, the original defendants would, under the stipulation, have been entitled to credit, in the court's discretion, for the amount voluntarily paid by the additional defendant's insurance carrier. However, the jury returned a verdict for $6,000 in favor of the plaintiff, and also found that the negligence of the original defendants and the negligence of the additional defendant jointly and concurrently caused the plaintiff's injuries and damage.

Liability for contribution under G.S. 1-240 does not contemplate that one brought in as an additional defendant shall pay more than her pro rata part of any verdict rendered against the original defendants. We do not think the stipulation that the court, in its discretion, might deduct the sum of $688.73 from any verdict the plaintiff might recover against the original defendants, militates against the right of the additional defendant to have the entire amount of $688.73 credited on her half of the verdict as rendered by the jury.

Under the judgment as signed below it is contemplated that the original defendants will be required to pay only $2,655.63 in settlement of their liability of at least $3,000 under the verdict. On the other hand, the judgment as entered would require the additional defendant and her insurance carrier to pay $3,344.37 in settlement of a claim that has been litigated and for which her liability under G.S. 1-240 in no event may exceed $3,000. Certainly, the medical bills involved were paid for and on behalf of the additional defendant, and we think that she is entitled to full credit therefor on any judgment for contribution that may hereafter be rendered against her. This view is consonant with law and equity within the purview of G.S. 1-240. *Scales v. Scales,* 218 N.C. 553, 11 S.E. 2d 569.

New Trial.