FRANCES DELORES FARMER v. RONALD JACK REYNOLDS, JAMES CAMERON CRUMPLER, AND ELBERT NORWOOD CRUMPLER

No. 698SC208

(Filed 28 May 1969)

1. **Automobiles § 19— intersections — duty of motorist on servient road**

   The fact that a motorist on a servient road reaches the intersection a hairsbreadth ahead of one on the dominant highway does not give him the right to proceed, but it is his duty to stop and yield the right of way unless the motorist on the dominant highway is a sufficient distance from the intersection to warrant the assumption that he can cross in safety before the other vehicle, operated at a reasonable speed reaches the crossing. G.S. 20-158.1.

2. **Automobiles § 19— intersections — motorist on servient road**

   The driver along the servient highway is not required to anticipate that a driver on the dominant highway will travel at excessive speed or fail to observe the rules of the road applicable to him.

3. **Automobiles § 57— intersection accidents—sufficiency of evidence**

   In plaintiff's action against the driver of the car in which she was riding as a passenger, trial court properly refused to submit to the jury the issue of defendant-driver's negligence at an intersection accident, where plaintiff's evidence tended to show that defendant was driving on the servient street within the speed limit, that as he reached the intersection controlled by a yield sign he slowed the vehicle to approximately ten miles per hour, that as he entered the intersection an oncoming car on the dominant street was 200 to 250 feet away, and there was no evidence disclosing anything to have put defendant on notice that the oncoming car was traveling at such a speed in excess of the applicable limit that it would arrive at the intersection at approximately the same time as his own vehicle.

4. **Negligence § 22— reliance on several aspects of negligence**

   A plaintiff is entitled to rely upon a number of aspects of negligence.

**5. Negligence § 37— instructions — reliance on more than one aspect of negligence**

Where plaintiff relies on more than one aspect of negligence, the jury should answer the issue of negligence in the affirmative if negligence is found in any one respect, if such negligence is a proximate cause of the injury; it is not necessary that defendant be found negligent in all of the aspects relied on.

**6. Negligence § 37— instructions on aspects of negligence**

Where plaintiff relied upon a number of aspects of negligence, there was error in instructions from which the jury could have understood that each negligent aspect relied on had to be *the* proximate cause and not a proximate cause of plaintiff's injury, and from which the jury could have understood that if they failed to find defendant negligent in any one aspect, it would have been their duty to answer the issue in the negative.

**7. Automobiles § 19— intersection right of way**

Where the driver on the servient street is already in the intersection before the vehicle approaching on the dominant street is near enough the intersection to constitute an immediate hazard, the driver on the servient street has the right of way.

**8. Automobiles § 90— instructions — failure to give instruction on particular issue**

Where plaintiff alleged and offered proof that the operator of a vehicle on the dominant street failed to yield the right of way at an intersection to plaintiff's vehicle which was already in the intersection, trial court erred in failing to instruct the jury that the operator of a motor vehicle has the duty to yield the right of way to another vehicle already within the intersection and that failure to do so may constitute negligence.

APPEAL by plaintiff from *Parker, J.,* 30 September 1968 Session of WAYNE Superior Court.

This is a civil action to recover damages for personal injuries received by plaintiff as result of a collision between two automobiles which occurred at approximately 7:15 p.m., on 23 December 1961, at the intersection of Pineview Avenue and Maple Street in the city of Goldsboro, N. C. Plaintiff was a passenger riding in the rear seat of a 1960 Studebaker Lark automobile owned by her father and at the time in question being operated by defendant Reynolds in a northerly direction on Pineview Avenue. The defendant Elbert Norwood Crumpler was the owner and his son, the defendant James Cameron Crumpler, was the driver of a 1955 Chevrolet which was being operated in a westwardly direction on Maple Street. The parties stipulated: That at the date of the collision Pineview Avenue and Maple Street were paved streets approximately 30 feet wide; that Pineview Avenue runs generally in a north-south and Maple Street runs generally in an east-west direction; that northbound

traffic on Pineview Avenue was designated for the eastern lane of travel and westbound traffic on Maple Street was designated for the northern lane of travel; that the speed limit on Pineview Avenue and on Maple Street in the area where the collision occurred was 25 miles per hour; that there was a duly erected "yield right-of-way" sign controlling the traffic moving northwardly on Pineview Avenue as it entered the intersection with Maple Street; that the Crumpler automobile was a family purpose car and was being driven by a member of the owner's immediate family. Plaintiff alleged in her complaint particular acts of negligence on the part of the two drivers and that the individual negligent conduct of the defendants combined to become the proximate cause of the collision and of her injuries. Each driver answered, denying negligence on his part and alleging negligence on the part of the other.

Plaintiff presented the testimony of her brother, Donald Farmer, who testified: He was riding on the passenger side in the front seat of the four door straight shift Studebaker Lark being driven by Reynolds. His sister, the plaintiff, was riding in the rear seat and was lying with her head resting on a coat on the left side of the rear seat behind the driver. Defendant Reynolds was operating the automobile in a northerly direction on Pineview at a speed of approximately 20 to 25 miles per hour. The weather was misty and chilly, the streets were damp, and visibility was very poor. The only light was a street light at the northeast corner of the intersection. As they passed the midway point of the block approaching Maple Street, the witness began to wonder if Reynolds was familiar with the intersection and whether he was going to see the yield sign, which was approximately twelve feet from the southern curb line of Maple Street. Reynolds did not apply his brakes and slow the automobile until it was within 20 feet of the yield sign and around 30 or 35 feet from the intersection. At this point the witness could see some lights east on Maple Street but could not see the car from which the lights came, which car the witness said "could have been parked at the corner with bright lights on." His view to the right was obstructed by a big Holly tree which was in the corner of the yard, as well as by some hedges, and the witness saw the lights through the hedges to the right, which was east on Maple Street. The witness did not actually see the car to which the lights were attached until after the Reynolds car cleared the big tree and the witness himself was at the curb line on the southeast corner of Maple Street. At that time he first saw the Crumpler car, which was at least a half block down Maple Street and between 200 and 250 feet away. He realized the Crumpler car was coming very fast and said: "You better step on

it, that car is flying." At that point the Studebaker was already in the intersection and the driver Reynolds shifted to a lower gear, into second, and accelerated the Studebaker. The Studebaker had never come to a complete stop and was going around ten miles per hour when it started picking up speed. It was going fourteen or fifteen miles per hour at the time of the collision. When the rear of the Studebaker was five feet past the center line of the intersection, it was struck around the right rear wheel by the front of the Crumpler car. In the witness's opinion, the Crumpler car was approaching at a speed of at least 45 miles per hour or better, and did not decrease speed nor change direction until the time of impact. Prior to the impact, the witness did not hear any horn and did not see any other traffic. Up to the time the vehicles collided, the Reynolds car had remained on its proper right-hand side of Pineview as it approached and entered and was in the act of leaving the intersection. After the impact, the Reynolds car swung clockwise and proceeded to the northwest corner of the intersection where it hit the curb and a telephone pole, and then came back counterclockwise across the street and hit a parked car, moving about one and a half car lengths in the direction it was traveling from the point of impact. The Crumpler car came to rest fronting north on Pineview and at a point along the curb line further north from the intersection than the Reynolds car. The witness thought the Reynolds car was going to make it through the intersection, and he was still of the opinion that they could have made it had the Crumpler car not been speeding.

Plaintiff also presented the testimony of the police officer who investigated the accident, who testified that he found no skid marks on the road, but did observe debris from the impact just north of the center line of Maple Street and east of the center line of Pineview. Plaintiff also presented evidence as to the extent of her injuries.

At the close of plaintiff's evidence, the court allowed defendant Reynold's motion for nonsuit. The defendants Crumpler then presented evidence, and the case was submitted to the jury on issues as to their negligence and as to damages. The jury answered the first issue in the negative, and the court rendered judgment thereon in favor of defendants Crumpler. From the judgment of nonsuit as to defendant Reynolds and the judgment in favor of defendants Crumpler, plaintiff appealed.

*H. Jack Edwards and George K. Freeman, and Futrelle & Baddour, by Philip O. Baddour, for plaintiff appellant.*

*Braswell, Strickland, Merritt & Rouse, by Roland C. Braswell, for defendant appellee Reynolds.*

*Dees, Smith & Powell, by William W. Smith, for defendant appellees Crumpler.*

PARKER, J.

Appellant's first assignment of error is directed to the judgment of nonsuit entered as to the defendant Reynolds. In this judgment we find no error. Plaintiff's evidence, even when viewed in the light most favorable to her, disclosed no negligence on the part of defendant Reynolds.

[1]   G.S. 20-158.1, which authorizes the erection of "yield right-of-way" signs, provides in part: "(W)henever any such yield right-of-way signs have been so erected, it shall be unlawful for the driver of any vehicle to enter or cross such main traveled or through highway or street unless he shall first slow down and yield the right-of-way to any vehicle in movement on the main traveled or through highway or street which is approaching so as to arrive at the intersection at approximately the same time as the vehicle entering the main traveled or through highway or street." In the case of *Yost v. Hall*, 233 N.C. 463, 64 S.E. 2d 554, Barnhill, J. (later C.J.), interpreting a companion statute, G.S. 20-158, said: "(T)he fact a motorist on a servient road reaches the intersection a hairsbreadth ahead of one on the dominant highway does not give him the right to proceed. It is his duty to stop and yield the right of way *unless the motorist on the dominant highway is a sufficient distance from the intersection to warrant the assumption that he can cross in safety before the other vehicle, operated at a reasonable speed,* reaches the crossing." (Emphasis added.)

[2, 3]   In the present case, defendant Reynolds was on the servient street. Under plaintiff's evidence, he was driving within the speed limit and slowed his vehicle to approximately ten miles per hour as he reached the intersection. As he entered the intersection, the Crumpler car on the dominant street was still 200 to 250 feet away, certainly a sufficient distance from the intersection to warrant the assumption that he could cross in safety before the Crumpler vehicle, operated at a reasonable speed, could reach the crossing. He was under no duty to anticipate that the operator of the Crumpler car, while approaching the intersection, would fail to observe the

applicable speed regulations. *Hawes v. Refining Co.,* 236 N.C. 643, 74 S.E. 2d 17. The driver along the servient highway is not required to anticipate that a driver on the dominant highway will travel at excessive speed or fail to observe the rules of the road applicable to him. 1 Strong N. C. Index 2d, Automobiles, § 19, p. 424. In the present case plaintiff's evidence did not disclose anything which should have put defendant Reynolds on notice, in the exercise of due care, that the Crumpler vehicle would travel at such a speed in excess of the applicable limit that it would arrive at the intersection at approximately the same time as his own vehicle. Plaintiff's evidence disclosed that as the Reynolds car approached the intersection the lights of the Crumpler car on the dominant street were visible, but it was not then possible to know if the car from which the lights were shining was parked or moving. Certainly this evidence would disclose nothing which would have placed Reynolds on notice as to the speed of the Crumpler vehicle. Had that vehicle been moving at the posted speed limit of 25 miles per hour, there would have been ample time for the Reynolds vehicle to have proceeded through the intersection in safety before the Crumpler car reached it. By the time Reynolds, in the exercise of due care, could have become aware of the speed of the approaching car, he was already in the intersection, moving at a speed of only ten miles per hour. Had he then attempted to stop, he might well have been struck broadside by the approaching car. Plaintiff's own witness apparently felt that the safest course for Reynolds to take was to speed up, rather than to slow down, for he so advised. By following that course, Reynolds very nearly succeeded in avoiding the collision. Viewing all of plaintiff's evidence in the light most favorable to her, we find no sufficient evidence of any negligence on the part of defendant Reynolds to warrant submission of an issue on that question to the jury.

Appellant's second assignment of error relates to the court's charge to the jury on the issue of negligence on the part of the operator of the Crumpler vehicle. In this connection, plaintiff had alleged and offered evidence tending to establish negligent acts on the part of such operator in a number of respects. On this issue the court charged the jury:

"The Court further instructs you that if the plaintiff, who has the burden of proof on this Issue #1, has satisfied you from the evidence and by its greater weight that the defendant operated his automobile in which he was riding, belonging to his father, at a speed greater than 25 miles per hour, that that within

itself would be negligence, and if the plaintiff has further satisfied you from the evidence and by its greater weight that such negligence was the proximate cause of the injury complained of by the plaintiff, it would be your duty to answer this first issue YES. If you fail to so find, you would answer it No.

"The Court further instructs you that if the plaintiff has satisfied you from the evidence and by its greater weight that the defendant James Cameron Crumpler, operating the automobile of his father, operated the same at a speed greater than reasonable and prudent, although less than that allowed by law, and the plaintiff has further satisfied you from the evidence and by its greater weight that such operation was the proximate cause, the cause without which the injury and damage to the plaintiff would not have occurred, it would be your duty to answer the first issue YES. If the plaintiff has failed to so satisfy you on that point, you would answer it No.

"The Court further instructs you that if the plaintiff has satisfied you from the evidence and by its greater weight that the defendant in the operation of the automobile owned by his father, failed to keep a proper lookout, or that he failed to operate his vehicle by keeping it under reasonable control; and you further find from the evidence and by its greater weight that one or more of such acts was the cause without which the collision would not have occurred, it would be your duty to answer the first issue YES. If you fail to so find in each instance, you would answer the first issue No."

[4-6] In this charge there was error. A plaintiff is entitled to rely upon a number of aspects of negligence. The jury should answer the issue of negligence in the affirmative if negligence is found in any one respect, if such negligence is a proximate cause of the injury. It is not necessary that defendant be found negligent in all of the aspects relied on. 6 Strong N. C. Index 2d, Negligence, § 37, p. 79. The error in the above charge lies in the fact that from it the jury could well have understood that the negligent aspect had to be *the* proximate cause and not *a* proximate cause of plaintiff's injury and further the jury could well have understood that had they failed to find defendant negligent in any one aspect, it would have then been their duty to answer the issue in the negative.

[7, 8] Appellant's third assignment of error is that the court failed to charge the jury that the operator of a motor vehicle has the duty to yield the right-of-way to another motor vehicle which is already within an intersection and that failure to do so may constitute neg-

ligence. In this connection plaintiff in her complaint had alleged that the operator of the Crumpler vehicle was negligent in that he failed to yield the right-of-way to a vehicle already within an intersection. This allegation was supported by evidence introduced at the trial. Plaintiff's principal witness had testified that the Reynolds car had already passed the midportion of the intersection and its rear had cleared the center line by five feet at the time of the collision. Where the driver on the servient street is already in the intersection before the vehicle approaching on the dominant street is near enough the intersection to constitute an immediate hazard, the driver on the servient street has the right-of-way. 1 Strong N. C. Index 2d, Automobiles, § 19, p. 424. It was error for the court to fail to charge on this aspect of negligence on the part of the driver of the Crumpler vehicle.

In the judgment of nonsuit as to defendant Reynolds we find

No error.

For error in the charge in appellant's action against defendants Crumpler there must be a

New trial.

CAMPBELL and MORRIS, JJ., concur.