MARGARET ELLEN TODD v. WILLIE R. SHIPMAN
AND JAMES C. RAMSEY

No. 7128SC537

(Filed 17 November 1971)

**Automobiles § 19— intersectional accident — statutes relating to right-of-way — instructions**

Evidence in an accident case arising out of an intersectional collision called for the application of the statute relating to the right-of-way of an automobile already in the intersection, G.S. 20-155(b), and not for the application of the statute relating to the failure to stop at a stop sign at an intersection, G.S. 20-158(a), where the evidence was to the effect (1) that the defendant driver stopped at the stop sign and then drove into the intersection when he ascertained his movement could be made with safety; (2) that he stopped twice in the busy intersection to see if movement could be made with safety; and (3) that while stopped for the third time he was hit by plaintiff, who was proceeding into the intersection from the dominant street.

APPEAL by plaintiff from *Martin, Harry C., Judge,* 25 January 1971 Session of BUNCOMBE Superior Court.

In this action plaintiff seeks to recover for personal injury sustained by her when the 1965 Ford she was operating collided with a 1962 Ford owned and occupied by defendant Ramsey and operated by defendant Shipman. In her pleadings plaintiff alleges: The collision occurred around 1:45 p.m. in the intersection of Hendersonville Road and Angle Street in the City of Asheville. Plaintiff was traveling south on Hendersonville Road, the dominant street, and defendants were traveling west on Angle Street, a servient street. At the time of the collision, a stop sign had been duly erected on Angle Street requiring travelers on it to stop and yield the right-of-way before entering Hendersonville Road. Defendants were negligent in that they failed to yield right-of-way; failed to keep a proper lookout; failed to stop at stop sign; failed to keep their vehicle under proper control; and caused their automobile to collide with plaintiff's automobile.

In their answer defendants denied any negligence on their part and alleged that plaintiff was negligent in that: she failed to keep a proper lookout; failed to keep her car under proper control; failed to yield right-of-way; attempted to pass on the right; operated her car in excess of the legal speed limit; failed

Todd v. Shipman

to bring her car to a stop or to decrease its speed as she approached an intersection; operated her car in wilful and wanton disregard of the safety of others; failed to give audible warning before passing; and that if defendants are negligent at all, plaintiff was contributorily negligent.

The evidence presented at trial tended to show: Defendants came to a complete stop on Angle Street before entering Hendersonville Road and remained stopped for a period of about five minutes due to traffic congestion. They then drove across the two lanes for northbound traffic on Hendersonville Road and stopped again for about 30 seconds. Thereafter they pulled in front of a car heading south on Hendersonville Road attempting to turn left at the same intersection and stopped once again. At this point while defendants were stopped, plaintiff came up behind the car turning left, swerved to the right to avoid hitting it and then swerved back to the left, striking the front of defendants' car that was stopped in the intersection halfway across the entire southbound portion of Hendersonville Road. When defendants first entered the intersection no vehicle was approaching in a southerly direction on Hendersonville Road. Defendants intended to proceed west on Angle Street.

At the close of the plaintiff's evidence, defendant Ramsey moved for a directed verdict which was allowed. As to defendant Shipman the jury found no negligence and from judgment denying recovery from Shipman, plaintiff appealed.

*Hendon & Carson by George Ward Hendon for plaintiff appellant.*

*Williams, Morris & Golding by William C. Morris, Jr., for defendant appellee.*

BRITT, Judge.

The question presented by plaintiff on appeal is whether the court erred in instructing the jury on G.S. 20-155 (b) relative to right-of-way at intersections and in failing to instruct the jury on G.S. 20-158 (a) relative to stop signs at intersecting highways. We think the court was correct.

G.S. 20-158 (a) provides: "The State Highway Commission, with reference to State highways, and local authorities,

with reference to highways under their jurisdiction, are hereby authorized to designate main traveled or through highways by erecting at the entrance thereto from intersecting highways signs notifying drivers of vehicles to come to full stop before entering or crossing such designated highway, and whenever any such signs have been so erected it shall be unlawful for the driver of any vehicle to fail to stop in obedience thereto and yield the right-of-way to vehicles operating on the designated main traveled or through highway and approaching said intersection. . . . "

The portion of G.S. 20-155 pertinent to this case provides: " (b) The driver of a vehicle approaching but not having entered an intersection and/or junction, shall yield the right-of-way to a vehicle already within such intersection and/or junction whether the vehicle in the junction is proceeding straight ahead or turning in either direction. . . . "

At first glance G.S. 20-155 (b) would seem inapplicable in this case since the intersection was controlled by stop signs and there are cases holding that where one street, because of a stop sign, automatic signal or other device, is favored over another at an intersection G.S. 20-155 is not applicable. *White v. Phelps,* 260 N.C. 445, 132 S.E. 2d 902 (1963) ; *Jordan v. Blackwelder,* 250 N.C. 189, 108 S.E. 2d 429 (1959). However, under the particular facts of this case the presence of the stop sign is not relevant and the law on that point is not pertinent, thus G.S. 20-155 (b) is controlling.

A driver along a servient street is required, in compliance with G.S. 20-158, to bring his vehicle to a stop in obedience to a stop sign lawfully erected, and not to proceed into an intersection with the dominant highway until, in the exercise of due care, he can determine that he can do so with reasonable assurance of safety. *Badders v. Lassiter,* 240 N.C. 413, 82 S.E. 2d 357 (1954). In the instant case the uncontradicted evidence showed that defendant driver stopped at the stop sign, yielded to traffic, and when he ascertained his movement could be made with reasonable assurance of safety, drove into the intersection across the northbound lanes; he then stopped again to see if he could proceed safely, and thereafter proceeded to the point where he stopped for a third time in the congested intersection to yield the right-of-way and see that his further movements could be made safely; while stopped the third time

he was hit by plaintiff. At the time they were struck, defendants had fully complied with G.S. 20-158(a) and G.S. 20-155(b) was applicable.

In *Farmer v. Reynolds,* 4 N.C. App. 554, 561, 167 S.E. 2d 480, 485 (1969), a case involving a yield right-of-way sign, this court held that, "[w]here the driver on the servient street is already in the intersection before the vehicle approaching on the dominant street is near enough the intersection to constitute an immediate hazard, the driver on the servient street has the right-of-way."

After defendant driver complied with the purpose and the letter of G.S. 20-158(a), it became moot. In fact, it would have been error to charge on G.S. 20-158(a) since "[i]t is established by our decisions that an instruction about a material matter not based on sufficient evidence is erroneous. . . . And it is an established rule of trial procedure with us that an abstract proposition of law not pointing to the facts of the case at hand and not pertinent thereto should not be given to the jury." *Childress v. Motor Lines,* 235 N.C. 522, 530, 70 S.E. 2d 558, 564 (1952).

No error.

