WALTRAUD IRMGARD BLAKE v. TERRY WRENN CARROLL AND
TOMMY CARROLL

No. 7311SC502

(Filed 27 June 1973)

**Automobiles § 79— intersection collision — no contributory negligence as
matter of law**

In this action to recover for personal injuries sustained in an
intersection collision, plaintiff's evidence did not establish her con-
tributory negligence as a matter of law but presented a jury ques-
tion on that issue where it tended to show that plaintiff approached
the intersection on the servient street, stopped, looked to her right,
then to her left and again to her right, that she could see 300 feet to
her right on the dominant street, that she saw no car approaching and
proceeded into the intersection, that she was struck on her right when
she was halfway through the intersection, that the speed limit on
both streets was 25 mph, and that immediately prior to the collision
defendant was driving 50 mph two blocks away from the intersection
where the collision occurred.

APPEAL by plaintiff from *Winner, Judge,* 19 February 1973
Session of HARNETT Superior Court.

This is an action to recover damages for personal injury
allegedly sustained by plaintiff in a collision between an auto-
mobile operated by plaintiff and an automobile owned by defend-
ant Tommy Carroll (Tommy) and operated by defendant Terry
Carroll (Terry). The collision occurred at the intersection of
Orange and Washington Streets in the Town of Coats, N. C.
Plaintiff was driving south on Orange Street and defendant
Terry was driving east on Washington Street. At this intersec-
tion Washington was the dominant street with traffic on Orange
required to yield the right-of-way.

When the case was called for trial, plaintiff submitted to
a voluntary dismissal as to Tommy.

At the conclusion of plaintiff's evidence, defendant Terry
moved for a directed verdict on the ground that plaintiff's evi-
dence established her contributory negligence as a matter of
law. The motion was allowed and from judgment dismissing her
action, plaintiff appealed.

*W. A. Johnson for plaintiff appellant.*

*Bryan, Jones, Johnson, Hunter & Greene by Robert C.
Bryan for defendant appellees.*

BRITT, Judge.

Did the court err in holding that plaintiff's evidence established her contributory negligence as a matter of law and dismissing her action? We answer in the affirmative.

The admissions and plaintiff's evidence pertinent to the question presented tended to show: The collision occurred around 5:15 p.m. on 27 March 1970. Each street was paved for a width of twenty feet and had shoulders three to four feet wide. Weather conditions were good, the pavement dry and the speed limit on each street was 25 m.p.h. When plaintiff approached the intersection, she stopped, looked first to her right, then to her left, and again to her right. She could see approximately 300 feet to her right on Washington Street. Seeing no car approaching on Washington Street, she proceeded into the intersection and was struck on her right when she was about halfway through the intersection. Plaintiff was traveling about 5 m.p.h. when she was hit. Immediately prior to the collision and two blocks west of Orange Street, Terry was seen driving east on Washington Street at a speed of at least 50 m.p.h. Plaintiff does not remember anything after she was struck until she "woke up" in the hospital. The Carroll automobile came to rest about 38 feet from the intersection and plaintiff's vehicle came to rest in a yard southeast of the intersection and approximately 70 feet therefrom. Following the collision there were no skid marks leading up to the intersection on either Orange or Washinton Streets.

We hold that the question of plaintiff's contributory negligence was for the jury. It is well settled in this jurisdiction that the driver along the servient highway is not required to anticipate that a driver along the dominant highway will travel at excessive speed or fail to observe the rules of the road applicable to him. 1 Strong, N. C. Index 2d, Automobiles, § 19, p. 424. See also *Farmer v. Reynolds,* 4 N.C. App. 554, 167 S.E. 2d 480 (1969), cert. den. 275 N.C. 499.

The judgment appealed from is

Reversed.

Judges MORRIS and PARKER concur.