RICKY NELSON SMITH v. MILLIE LEGGETT STOCKS

No. 816DC247

(Filed 3 November 1981)

1. **Automobiles §§ 57.1, 79— intersection accident—negligence and contributory negligence**

Defendant's evidence in support of her counterclaim was sufficient for submission to the jury on the issue of plaintiff's negligence and did not disclose contributory negligence by defendant as a matter of law where it tended to show that defendant was traveling on the servient highway and plaintiff was traveling on the dominant highway; defendant came to a full stop in reaching an intersection of the two highways; defendant looked to her left and to her right and determined that it was safe to proceed across the intersection; plaintiff's truck was either not in sight or not close enough to constitute a hazard; and after defendant crossed the median of the dominant highway and entered

the fourth lane of traffic, plaintiff's truck struck her car, since plaintiff had a duty to yield the right-of-way to defendant's vehicle which was already in the intersection, and defendant was not required to anticipate that a driver along the dominant highway would fail to observe the rules of the road applicable to him.

**2. Automobiles § 46— opinion testimony as to speed—insufficient observation**

A defendant who did not see plaintiff's vehicle until it was about three feet from her car did not have a reasonable opportunity to judge the speed of the vehicle, and the trial court erred in permitting defendant to testify that the speed of plaintiff's vehicle was "fast."

**3. Negligence § 27.1— admission to agent of liability insurer**

Testimony by an agent of defendant's liability insurer that defendant admitted to her that the automobile accident in question "was her fault as far as she knew" was not inadmissible on the ground that defendant's cross-examination of the witness would necessarily disclose the existence of liability insurance, since a thorough cross-examination of the witness could be conducted without disclosing the details of insurance coverage, and defendant may not argue prejudice if the disclosure of insurance is made by her own counsel.

APPEAL by plaintiff from *Long, Judge.* Judgment entered 13 October 1980 in District Court, BERTIE County. Heard in the Court of Appeals 15 October 1981.

This is a civil action for property damage arising out of an intersection collision which occurred 5 December 1979 in Windsor, North Carolina. The defendant counterclaimed for property damage. At trial, the jury found against the plaintiff on the issue of defendant's negligence. Plaintiff does not appeal this decision. With respect to the counterclaim, the jury found for the defendant on the issue of plaintiff's negligence and against the plaintiff on the issue of defendant's contributory negligence. From a verdict awarding defendant $900, plaintiff appeals.

At trial, the evidence disclosed the following pertinent facts: The collision occurred at the intersection of U.S. 13 and U.S. 308. U.S. 13 is a dominant highway consisting of four lanes running north and south. U.S. 308 is a servient highway running east and west. Motorists travelling on U.S. 308 are required by signs to come to a complete stop before proceeding across the intersection at U.S. 13.

Plaintiff, Ricky Nelson Smith, testified that prior to the collision he had stopped his 1972 Ford truck at the Zip Mart located approximately 100 feet from the intersection of U.S. 13 and U.S.

308. He pulled out from the Zip Mart into the right lane of U.S. 13, travelling north. He accelerated to a speed of approximately 25 to 30 m.p.h. Plaintiff did not see defendant's car at the intersection as he pulled out from the Zip Mart. He testified that he "glimpsed" defendant's vehicle to his left when he was ten to fifteen feet from it. At that time he braked to a speed of between 10 and 15 m.p.h. and did all he could to avoid a collision. Plaintiff testified that in his opinion defendant was travelling between 35 and 40 m.p.h. as she crossed the intersection. The collision occurred at approximately 5:15 p.m.; it was dusk and plaintiff had his headlights on. Plaintiff testified that he heard defendant blow her horn, but he did not see her decrease her speed.

Defendant, Millie Leggett Stocks, testified that at the time of the collision she was driving a 1972 Pontiac. She was travelling in an easterly direction on U.S. 308. She came to a complete stop at the intersection of U.S. 13. She saw two cars coming, one to her left and one to her right. She estimated that neither car was closer than one-fourth of a mile from the intersection. The record is unclear as to whether she allowed these cars to pass before she entered the intersection. Defendant further testified that she was travelling at a speed of 25 m.p.h. all the way across the intersection and that her parking lights were on. She did not see the plaintiff's truck until it was about three feet to the right of her car. On cross-examination, she said she "glimpsed him" about three feet before he hit her. She blew her horn. Defendant was permitted to testify that in her opinion the speed of plaintiff's vehicle was "fast."

At the moment of impact defendant's car was located in the fourth lane of traffic travelling easterly across the right northbound lane of U.S. 13. Plaintiff's truck damaged the right rear end panel of defendant's car.

The trial court excluded the testimony of Ella Belch, an agent for Nationwide Insurance Company, who testified out of the presence of the jury that in speaking with defendant concerning the accident, defendant had admitted fault.

By stipulation, the court read into the record testimony offered by state highway patrolman James A. Hart, the investigating officer. He testified that the posted speeds for U.S. 13 and U.S. 308 were 45 m.p.h. and 35 m.p.h. respectively. In his

opinion the estimated speed of plaintiff's vehicle at impact was 30 m.p.h. and defendant's vehicle was travelling at a speed of 10 m.p.h.

*Taylor & McLean, by Donnie R. Taylor, for plaintiff appellant.*

*Gillam, Gillam and Smith, by Lloyd C. Smith, Jr., for defendant appellee.*

MARTIN (Harry C.), Judge.

I.

[1] Plaintiff first assigns as error the trial court's denial of his motions for a directed verdict and for judgment n.o.v. and in the alternative for a new trial on defendant's counterclaim. He alleges that defendant's evidence showed no actionable negligence on his part and, as a matter of law, showed defendant's contributory negligence. We will deal with each allegation separately.

On the issue of plaintiff's negligence, the court instructed that, if shown by the greater weight of the evidence, plaintiff could be found negligent (1) in the operation of his truck on a public highway and in operating his truck at a dangerous and unlawful rate of speed which was greater than was reasonably prudent under the conditions, and (2) in failing to keep his truck under control.

In determining the sufficiency of the evidence to withstand this plaintiff's motions for directed verdict and judgment n.o.v., all the evidence which supports the defendant's counterclaim must be taken as true and considered in the light most favorable to her, giving her the benefit of every reasonable inference which may legitimately be drawn therefrom, and resolving contradictions, conflicts and inconsistencies in her favor. *See Love v. Pressley,* 34 N.C. App. 503, 239 S.E. 2d 574 (1977), *disc. rev. denied,* 294 N.C. 441 (1978). Based on the testimony given at trial, we find that defendant offered sufficient evidence to support her counterclaim of actionable negligence against plaintiff.

The laws of this state, both statutory and from our cases, impose upon motorists driving on either dominant or servient highways certain duties when approaching, entering, or travers-

Smith v. Stocks

ing intersections. Each driver is required to exercise ordinary care under the particular circumstances in which he finds himself. Failure to do so can constitute negligence when injury results. *Murrell v. Jennings*, 15 N.C. App. 658, 190 S.E. 2d 686 (1972).

Defendant's evidence tended to show that she complied with N.C.G.S. 20-158(a) in that she came to a full stop upon reaching the intersection of U.S. 13 and U.S. 308; that she looked to her left and to her right; that she determined that it was safe to proceed across the intersection; that plaintiff's truck was either not in sight or not close enough to constitute a hazard; and that after she crossed the median of U.S. 13 and entered the fourth lane of traffic, plaintiff struck her car. Under these circumstances, plaintiff had a duty to yield the right of way to defendant's vehicle, already in the intersection. *Todd v. Shipman*, 12 N.C. App. 650, 184 S.E. 2d 403 (1971)[1]; *Farmer v. Reynolds*, 4 N.C. App. 554, 167 S.E. 2d 480, *cert. denied*, 275 N.C. 499 (1969).

Finally, with respect to plaintiff's duty under the circumstances of this case, we quote from *Blalock v. Hart*, 239 N.C. 475, 479-80, 80 S.E. 2d 373, 377 (1954):

However, the driver on a favored highway protected by a statutory stop sign (G.S. 20-158) does not have the absolute right of way in the sense he is not bound to exercise care toward traffic approaching on an intersecting unfavored highway. It is his duty, notwithstanding his favored position, to observe ordinary care, that is, that degree of care which an ordinarily prudent person would exercise under similar circumstances. In the exercise of such duty it is incumbent upon him in approaching and traversing such an intersection (1) to drive at a speed no greater than is reasonable and prudent under the conditions then existing, (2) to keep his motor vehicle under control, (3) to keep a reasonably careful lookout, and (4) to take such action as an ordinarily prudent person would take in avoiding collision with persons or vehicles upon the highway when, in the exercise of due care, danger of such collision is discovered or should have been discovered.

1. The statutory authority in *Todd* was N.C.G.S. 20-155(b), which was rewritten in 1973. However, the law of the case remains fully applicable under these circumstances.

Thus, although plaintiff was travelling upon the dominant highway at the time of the collision, the evidence was sufficient to raise a legitimate inference of negligence. Plaintiff's motions were properly denied.

Similarly proper was the court's denial of plaintiff's motions for directed verdict and judgment n.o.v. based upon the contention that defendant was contributorily negligent as a matter of law. Defendant's evidence, when taken in the light most favorable to her, was sufficient to require a jury resolution of this issue. A driver along a servient highway cannot be expected to anticipate that the driver along a dominant highway will fail to observe the rules of the road applicable to him. *Blake v. Carroll,* 18 N.C. App. 573, 197 S.E. 2d 574 (1973).

## II.

[2] Plaintiff next assigns as error the admission of defendant's opinion evidence as to his speed prior to the collision. Defendant testified that she did not see plaintiff's truck until it was about three feet from her car. Based on that momentary glimpse, she was permitted to testify that the speed of plaintiff's vehicle was "fast." Plaintiff made a timely objection, which was overruled, and the court denied plaintiff's request to strike the answer. This was error.

As a general rule, the opportunity of a witness to judge the speed of a vehicle under the circumstances of the case goes to the weight of the testimony rather than its admissibility. *State v. Becker,* 241 N.C. 321, 85 S.E. 2d 327 (1955). However, where the witness does not have a reasonable opportunity to judge the speed, it is error to permit such testimony. *State v. Colson,* 262 N.C. 506, 138 S.E. 2d 121 (1964); *Fleming v. Twiggs,* 244 N.C. 666, 94 S.E. 2d 821 (1956); *Becker, supra.* The observation must be for such a distance and over such a period of time as to enable the witness to do more than merely hazard a guess as to speed. *Key v. Woodlief,* 258 N.C. 291, 128 S.E. 2d 567 (1962); *Fleming, supra.* In *Fleming,* the witness saw the car for a distance of seven to nine feet, or the "distance" of the courtroom, before the impact. Mrs. Stocks saw or "glimpsed" plaintiff's truck for a distance of only three feet before the impact. We find that the defendant did not have a reasonable opportunity to judge the speed of plaintiff's vehicle under the facts of this case.

Moreover, the admission of her testimony was prejudicial. There was no evidence that plaintiff's vehicle was being driven at an excessive rate of speed, or that he was exceeding the speed limit. The evidence was contradictory with respect to plaintiff's speed just prior to the collision. Plaintiff testified that he braked and slowed his truck to between 10 and 15 m.p.h. Patrolman Hart testified that plaintiff's estimated speed at the time of impact was 35 m.p.h., while that of the defendant was 10 m.p.h. However, defendant, by her own testimony, admitted that she was travelling at a speed of 25 m.p.h. all the way through the intersection.

## III.

[3] Plaintiff's third assignment of error concerns the exclusion of certain testimony characterized as admissions made by the defendant to the plaintiff, as well as to patrolman Hart and Ella Belch, defendant's insurance agent. The exclusion was error, but because the record does not include what the answer to the question asked of the plaintiff or patrolman Hart would have been, there is no basis for determining whether the exclusion was prejudicial. Therefore, we find no prejudicial error. *Cockrell v. Transport Co.*, 295 N.C. 444, 245 S.E. 2d 497 (1978).

Defendant argues that the testimony of Ella Belch was properly excluded because the statement was made during a conversation concerning insurance coverage. Ms. Belch testified that defendant said "she guessed it wasn't, but it was her fault as far as she knew." Defendant contends that she would be permitted during cross-examination to have the entire conversation introduced and its context explained, and that reference would necessarily have to be made to liability insurance coverage. 2 Stansbury's N.C. Evidence § 181 (Brandis rev. 1973). Reference to liability insurance can be grounds for a new trial under certain circumstances. This is true "[w]here testimony is given, or reference is made, indicating *directly and as an independent fact* that defendant has liability insurance." *Fincher v. Rhyne*, 266 N.C. 64, 69, 145 S.E. 2d 316, 319 (1965) (emphasis added). "But there are circumstances in which it is sufficient for the court, in its discretion, because of the incidental nature of the reference, to merely instruct the jury to disregard it." *Id.*, 145 S.E. 2d at 319-20; 1 Stansbury, *supra*, § 88. And, if counsel claiming prej-

udice is responsible for the jury's knowledge, then there should be neither mistrial nor reversal on appeal. Stansbury, *supra.*

Defendant, by her argument, is attempting to use a shield as a sword. In the case before us, it is the defendant who seeks, or threatens, to disclose the existence of insurance. Defendant may not then argue prejudice. Witness Belch's testimony was offered as an admission of the defendant, a subject unrelated to insurance. A thorough cross-examination of the witness could be conducted without disclosing the details of the insurance coverage, if handled in good faith. We therefore hold that the testimony is admissible.

For the reasons set forth in parts II and III of this opinion, we hold that plaintiff is entitled to a new trial on defendant's counterclaim.

New trial.

Judges HEDRICK and CLARK concur.