STATE OF NORTH CAROLINA,
v.
SCOTT RANDALL REICH.
No. COA09-679.
Court of Appeals of North Carolina.
Filed: February 2, 2010.
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Francis W. Crawley, for the State.
Leslie C. Rawls for defendant-appellant. 
STEELMAN, Judge.
Evidence of explosive devices found on defendant's property was relevant to defendant's motive and state of mind. The trial court did not abuse its discretion in admitting such evidence.

I. Factual and Procedural Background
In early 2005, Scott Randall Reich (defendant) and his wife Margaret moved to Dills Road in Rutherford County. In November 2005, Adam Kay (Kay), his wife, and children also moved to Dills Road. The Reichs' relationship with their neighbors deteriorated. Defendant accused Mark and Tyler Dorsey of shooting at his home, peeping at his wife, stealing, setting fires, tampering with his vehicle, puncturing his tires, and poisoning his dogs.
On 29 October 2006, defendant approached his neighbors, Mr. and Mrs. Cordell. He was dressed in camouflage clothing, with a pistol and a long knife. Defendant was carrying a rifle with a scope and stated that he was looking for Mark Dorsey and Kay because they had been "shooting in his house in his kitchen that day." After telling the Cordells many stories about things that had happened to him, defendant stated that he was "going to get" Kay.
On 30 October 2006, Kay left work and drove home. Kay's fifteen-year-old son found his father's body lying in the driveway when he got home from school. The autopsy revealed two bullet wounds to Kay's head and neck, which the medical examiner opined were fired from an "indeterminate range." The medical examiner testified that based upon test firings, the gun would have been over a foot away from Kay, but how much over a foot, he could not say for certain. Defendant acknowledged that he shot Kay but testified that his gun went off as the two men struggled. As Kay was pulling him forward, defendant believed he may have shot Kay a second time. Defendant disassembled the pistol and threw the gun barrel into the woods. The barrel was never located. In the course of searching defendant's home and the nearby woods, officers discovered a cache of weapons.
Defendant was indicted for the murder of Kay. The trial court submitted possible verdicts of first degree murder, second degree murder, voluntary manslaughter, and not guilty to the jury. The jury found defendant guilty of first degree murder. The trial court sentenced defendant to life imprisonment without possibility of parole.
Defendant appeals.

II. Admission of Evidence Concerning Explosive Devices Found on Defendant's Property.
In his brief, defendant argues only one of his assignments of error. Defendant contends that the trial court erred in admitting evidence of the explosive devices found on his property by law enforcement officers. We disagree.
"`The standard of review for this Court assessing evidentiary rulings is abuse of discretion. A trial court may be reversed for an abuse of discretion only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision.'" State v. Cook, ___ N.C. App. ___, ___, 666 S.E.2d 795, 797 (2008) (quoting State v. Hagans, 177 N.C. App. 17, 23, 628 S.E.2d 776, 781 (2006)). Defendant bears the burden on appeal to not only show error, but also to show that he was prejudiced and the jury would have likely reached a different result had the error not occurred. State v. Cortes-Serrano, ___ N.C. App. ___, ___, 673 S.E.2d 756, 763-64 (2009) (quoting Suarez v. Wotring, 155 N.C. App. 20, 30, 573 S.E.2d 746, 752 (2002), disc. review denied and cert. denied, 357 N.C. 66, 579 S.E.2d 107 (2003)), disc. review denied, 363 N.C. 376, 679 S.E.2d 138 (2009); see also N.C. Gen. Stat. § 15A-1443(a) (2007).
On 2 November 2006, law enforcement officers searched defendant's property and found two plastic bags covered with pine needles. The bags contained two pistols, one with no barrel, along with ammunition. Officers also found a cardboard box, which contained sixteen explosive devices. Over the objection of defendant, the State was allowed to introduce evidence of the explosive devices.
Defendant contends that Kay was killed with a pistol and that the presence of explosives on his property was irrelevant to the murder. He further asserts that the admission of this evidence "created a reasonable possibility that the jury would return a verdict of guilty of first-degree murder, based on fears for safety in the community and not on evidence relevant to the shooting.
Rule 404 of the North Carolina Rules of Evidence provides:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.
N.C. Gen. Stat. § 8C, Rule 404(b) (2007). Cases decided by our Supreme Court under Rule 404(b) have evinced a clear general rule of inclusion of relevant evidence of other crimes, wrongs or acts by a defendant, "subject to but one exception requiring its exclusion if its only probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged." State v. Coffey, 326 N.C. 268, 2787-9, 389 S.E.2d 48, 54 (1990) (emphasis in original) (quoting State v. Bagley, 321 N.C. 201, 206, 362 S.E.2d 244, 247 (1987), cert. denied, 485 U.S. 1036, 99 L. Ed. 2d 912 (1988)). Thus, evidence is admissible under Rule 404(b) so long as it is relevant for a purpose other than to show that defendant had the propensity to commit the crime for which he is being tried. Id.
In the instant case, given the nature of the longstanding dispute between defendant and his neighbors, evidence of the explosives was relevant to defendant's state of mind and to show his motive and malice toward Kay. N.C. Gen. Stat. § 8C-1, Rule 404 (2007). Defendant's motive and state of mind at the time of the shooting, "certainly were facts `of consequence to the determination of the action . . . .'" State v. Riddick, 315 N.C. 749, 758, 340 S.E.2d 55, 60 (1986) (citing N.C. Gen. Stat. § 8C-1, Rule 401). The day before defendant shot Kay, he went to the Cordells dressed in camouflage clothing, armed with a pistol, a long knife, and a rifle with a scope. Defendant told the Cordells that he was "going to get" Kay. In light of the above-recited evidence, defendant's possession of the explosive devices, along with the two plastic bags containing weapons and ammunition, tended to show that he deliberately kept this cache of weapons and premeditated the murder of Kay.
We hold that the trial court did not abuse its discretion in admitting evidence of the explosive devices found on defendant's property. Because defendant has failed to show the trial court erred in admitting evidence of the explosive devices, we do not determine whether the error was so prejudicial as to entitle defendant to a new trial. See Cortes-Serrano, ___ N.C. App. at ___, 673 S.E.2d at 763-64.
Defendant failed to argue the remaining assignments of error in his brief, and they are deemed abandoned pursuant to Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure.
NO ERROR.
Judges ELMORE and HUNTER JR., ROBERT N. concur.
Report per Rule 30(e).