MRS. JOHN LOOKABILL, ADMINISTRATRIX OF RUTH L. WORKMAN, DECEASED v. HENRY G. REGAN.

(Filed 20 November, 1957)

1. **Automobiles § 38—**

    Any person of ordinary intelligence, who has an opportunity for observation, is competent to testify as to the rate of speed of a moving object, such as an automobile.

2. **Same: Evidence § 45—**

    Testimony of a witness, who observed the physical facts, that he "supposed" defendant's car was 250 or 300 or 400 feet distant when he saw it and was coming "at a high rate of speed," will not be held incompetent as being merely deductive conclusions of the witness, and certainly cannot be held prejudicial when the witness thereafter testifies without objection as to the high rate of speed the car was traveling.

3. **Same—**

    A question asked the witness as to which side of the road a person indicated his car was on cannot be held prejudicial as inviting the witness to give a deductive conclusion when the answer of the witness obviates any error in the question by explicitly stating that the car in question was on the east side of the road at the time.

4. **Appeal and Error § 41—**

Any error in the admission of testimony over objection is rendered harmless by the later admission of testimony of the same witness to the same effect without objection.

5. **Evidence § 29—**

Objection that the court permitted defendant's counsel to read the record of the cross-examination of defendant taken at a former trial, instead of the court reading the record itself, *is held* without merit.

6. **Appeal and Error § 20—**

Appellant may not object to a portion of the charge relating to an issue answered in his own favor.

7. **Negligence § 20—**

The use by the court of a hypothetical illustration in explaining the doctrine of proximate cause to the jury *held* not prejudicial.

8. **Appeal and Error § 42—**

Where the court gives equal stress to the respective contentions of the parties, the charge will not be held objectionable on the ground that the court necessarily consumed more time in stating the contentions of the one party than it did of the other.

9. **Automobiles § 46—**

Where the court in stating abstract rules of law charges that the violation of certain motor vehicle statutes constitutes negligence or contributory negligence, without relating such violations to the question of proximate cause, but in each instance in which the law is applied to the evidence correctly instructs the jury upon the element of proximate cause, and the charge is clear and understandable when read contextually, it will not be held for error.

APPEAL by plaintiff from *Armstrong, J.,* at April 1957 Civil Term, of DAVIDSON.

Civil action instituted by plaintiff to recover damages for the alleged wrongful death of Ruth L. Workman, intestate of plaintiff, as result of injury sustained in overturning of automobile operated by her,—proximately caused by alleged negligence of defendant.

The case was before this Court on former appeal—opinion therein granting a new trial for error pointed out is reported in 245 N.C. 500, 96 S.E. 2d, 421, reference to which is made for summary of basic factual situation.

Upon retrial in Superior Court both plaintiff and defendant offered evidence, and the case was submitted to the jury upon these three issues:

"1. Was the plaintiff's intestate, Ruth L. Workman, injured and killed by the negligence of the defendant, Henry G. Regan, as alleged in the complaint? Answer: Yes.

LOOKABILL *v.* REGAN.

"2. If so, did plaintiff's intestate, Ruth L. Workman, by her own negligence, contribute to her said injuries and death, as alleged in the answer? Answer: Yes.

"3. What amount of damages, if any, is the plaintiff entitled to recover of the defendant? Answer: .................."

The first two the jury answered as indicated.

And upon the verdict so found the court entered judgment that plaintiff have and recover nothing of the defendant, and that the action be dismissed.

*Philip R. Craver, Charles W. Mauze for plaintiff appellant.*
*Deal, Hutchins & Minor for defendant appellee.*

WINBORNE, C. J. Appellant states in her brief filed on this appeal six questions as being involved here. These incorporate eight assignments of error, embracing twenty-five exceptions.

Question I: (Exceptions 1 and 4—assignments 1 and 3) "Did the trial court err in permitting opinion evidence and deductive conclusions by lay witnesses?"

The matter to which Exception 1 relates arose in this manner: The case on appeal shows that in course of his direct examination defendant testified: "I met a 1955 model Chevrolet and I saw it, I suppose, 250 or 300 feet from it—possibly 400 feet—and it was coming at a high rate of speed. I don't know what, but it was a high rate of speed, and I didn't think the driver saw me until he got * * * ." Objection and motion to strike. Motion denied. Plaintiff's exception No. 1.

This is the question to which exception 4 relates: "Q. As he pointed, which side of the road did he indicate his car was on by pointing?" Objection—overruled. Exception No. 4.

The answer is that "He was on the east side of the road. He stated he saw the car coming at a high rate of speed, and he immediately cut to the right, and the car passed * * * ." The answer removes any objection there may have been in the question. There is no deductive conclusion as to which side of the road he was on. The answer is explicit.

It is a general rule of law, adopted in this State, that any person of ordinary intelligence, who has had an opportunity for observation, is competent to testify as to the rate of speed of a moving object, such as an automobile. *S. v. Roberson,* 240 N.C. 745, 83 S.E. 2d, 798, and cases cited. See also *S. v. Roberts,* 188 N.C. 460, 124 S.E. 833; *Hill and Brooks v. RR Co.,* 186 N.C. 475, 119 S.E. 884; *S. v. Journegan,* 185 N.C. 700, 117 S.E. 27; *S. v. Jessup,* 183 N.C. 771, 111 S.E. 523; *Shepherd v. Sellers,* 182 N.C. 701, 109 S.E. 847; *Taylor v. Security L & A Co.,* 145 N.C. 383, 59 S.E. 139; *Horne v. Power Co.,* 144 N.C. 375, 57 S.E. 19.

Indeed, applicable principle is stated in *Gilliland v. Board of Education,* 141 N.C. 482, 54 S.E. 413, opinion by Hoke, J., in this manner: "A witness who undertakes to testify to objective facts and qualifies his testimony by using the terms, 'I think', or 'I have an impression', etc., if the witness had had no physical observation or has made no note of the facts, but is merely stating to the court and jury his mental inference or deduction, this, as a rule, is incompetent. But if the witness has had opportunity to note relevant facts himself and did observe and note them, and simply qualifies his testimony in this way because his impression or memory is more or less indistinct, this, while in the form of opinion, is really the statement of a fact, and will be so received. *Greenleaf Ev.* (16 Ed.) Sec. 430 (i)."

And Hoke, J., continued: "And so it is here. The witness was a neighbor of Jeffrey Graham for four years or more and speaks from his own observation. He is giving to the jury impressions of things he saw and noted, and not an inference or deduction from things he had not seen, and the evidence was properly received."

Indeed, it is noted that at other times, defendant testified without objection to the high rate of speed intestate of plaintiff was traveling. This had the effect of waiving any objection to the evidence as first given.

Question II: This relates to exception 2, assignment 2, to the trial court refusing the request of plaintiff's counsel to read the record of the cross-examination of defendant taken at a former trial,—the vice charged is that the reader may emphasize certain portions as he reads, etc. The court permitted defendant's counsel to read the whole of the testimony. And the case on appeal fails to show that plaintiff suffered any damage, or that defendant obtained any advantage by so doing. The objection is without merit.

Question III: This question is based upon exception 6, assignment 5, to alleged prejudicial failure of the trial court to charge the jury on the allegations and evidence offered by the plaintiff to show violation of the reckless driving statute by the defendant. If it be conceded that the trial court did fail to so charge the jury, the verdict of the jury finding on the first issue that plaintiff's intestate was injured and killed by the negligence of the defendant as alleged in the complaint, that is, that defendant's negligence was a proximate cause of the death of plaintiff's intestate, renders harmless such failure to charge.

Question IV: This question is based upon assignment of error 4, exception 5, to the use of a hypothetical illustration to explain the doctrine of proximate cause. The illustration was plain and

simple. The use of it does not appear prejudicial, but would seem to give the jury clear understanding of what is meant by the term proximate cause in considering the evidence in the case. Appellant cites no authority in support of her contention.

Question V: This question is that "The trial court failed to give equal stress to the contentions of the plaintiff that it gave to the defendant in its charge to the jury." It relates to assignment of error 6, which is based upon exceptions 7, 8, 9, 11, 12, 13, 14, 16 and 24, and to assignment of error 8, based on exception 25. All of these exceptions are to portions of the charge as given.

Appellant does not contend that the trial court either misstated the evidence or the applicable principles of law.

What is said by this Court in *Edgewood Knoll Apts. v. Braswell*, 239 N.C. 560, 80 S.E. 2d, 653, is appropriate here. It is stated there: "The chief argument advanced is that the case on appeal discloses that the trial judge devoted more words, as shown by the number of printed lines, in stating contentions of plaintiff than in stating those of defendant. This is not the test. It is a question whether the judge gives 'equal stress' to the contentions of the plaintiff and of the defendant. Otherwise than as above stated appellants Braswell fail to point out wherein the judge failed to give 'equal stress'." Indeed the record of case on appeal in present case fails to disclose that unequal stress, or emphasis, was displayed by the trial judge in stating the contentions of the respective parties, and in charging the law as to applicable principles.

Question VI: This question "Did the trial court commit error in repeatedly charging that mere violations of various sections of the motor vehicle law by the plaintiff constituted contributory negligence?", is predicated upon assignment of error 7, based on exceptions 10, 12, 14, 15, 16, 17, 18, 19, 20, 21 and 22 to portions of the charge as given.

In this connection appellant states in her brief filed in this Court that "the trial court charged the jury in eleven different instances that if the plaintiff violated certain motor vehicle laws she would be guilty of contributory negligence," and that "in seven of the instances the court further instructed the jury that if the contributory negligence was one of the proximate causes of the accident, that the plaintiff could not recover," citing exceptions 12, 14, 15, 16, 17, 19, and 22, "but in four of the instances the court failed to charge that the contributory negligence had to be one of the proximate causes to prevent plaintiff's recovery," citing exceptions 10, 18, 20 and 21.

A reading of the charge reveals that in the instances to which the last four exceptions relate the court was only stating abstract rule of the law of negligence as well as of contributory negligence. For instance, the court, referring to provisions of G.S. 20-141 (a), that "no person shall drive a motor vehicle on a highway at a rate of speed greater than is reasonable and prudent under the conditions then existing," charged the jury "that if a person operates a motor vehicle upon a public highway at a rate of speed greater than is reasonable and prudent under the conditions then existing at the time and place mentioned in the pleadings, said person is guilty of negligence or contributory negligence." This is the matter to which exception 10 relates. The other three, 18, 20 and 21, are of like import. And read in context the meaning is clear and understandable.

In each of the other seven instances enumerated above, when the court came to apply the law to the facts in respect to the second issue, the court included in each instance both the element of contributory negligence and proximate cause.

While the charge is quite long, it treats in minute detail the contentions of the respective parties clearly—without undue repetition. And error is not made to appear.

No Error.