STATE OF NORTH CAROLINA v. HAROLD DEAN MILLER

No. 8224SC1256

(Filed 4 October 1983)

**Constitutional Law § 48— effective representation by counsel—failure to object to references to lie detector tests**

    Defendant was not denied the effective assistance of counsel by failure of his counsel to object to testimony by an alleged accomplice who was a witness for the State in which the accomplice repeatedly referred to the fact that he had taken a lie detector test.

APPEAL by defendant from *Lamm, Judge*. Judgment entered 11 August 1982 in Superior Court, YANCEY County. Heard in the Court of Appeals 20 September 1983.

Defendant was tried for armed robbery in violation of G.S. 14-87. He was found guilty and appealed from the imposition of a prison sentence.

*Attorney General Edmisten, by Assistant Attorney General James E. Magner, Jr., for the State.*

*Swain and Stevenson, by Joel B. Stevenson, for defendant appellant.*

WEBB, Judge.

The defendant assigns ineffective assistance of counsel as error. Specifically he contends that his attorney, who was trying his first felony case in the Superior Court of Yancey County, should have objected to several references in the testimony of Ben Warren King to taking a lie detector test. Mr. King testified he was with defendant at the time of the alleged robbery. The results of the lie detector test were not offered into evidence but the witness made repeated references to having taken the test. The appellant argues that the State was allowed to bolster improperly the testimony of its principal witness who was allegedly an accomplice. The appellant also argues that his attorney's failure to request the judge to charge as to how the jury should consider circumstantial evidence shows that his counsel was ineffective.

The defendant was entitled to have counsel whose range of performance was "within the range of competence demanded of

attorneys in criminal cases." *See State v. Weaver*, 306 N.C. 629, 295 S.E. 2d 375 (1982). In this case the transcript of the evidence covers 126 pages. The defendant's counsel cross-examined some of the State's witnesses and examined witnesses for the defendant. We believe from reading the transcript that he was vigorous and effective in his defense. We do not believe that his failure to object to one part of the testimony requires us to hold that his representation of the defendant was not within the range of competence required of attorneys in criminal cases. *See State v. Richards*, 294 N.C. 474, 242 S.E. 2d 844 (1978) and *State v. Sneed*, 284 N.C. 606, 201 S.E. 2d 867 (1974).

As to the appellant's contention that his attorney was ineffective because he did not request the court to charge on circumstantial evidence, we note that the court charged on circumstantial evidence. We do not believe there is any showing of ineffectiveness because the defendant's attorney did not request such a charge.

No error.

Judges HEDRICK and HILL concur.