STATE OF NORTH CAROLINA v. WILLIAM EARL GREEN

No. 8514SC34

(Filed 15 October 1985)

1. **Automobiles and Other Vehicles § 112.2— speed of automobile—opportunity for observation**

    A witness in a manslaughter prosecution had a sufficient opportunity to observe defendant's automobile to permit him to testify that it was traveling forty to forty-five miles per hour when it swerved toward the witness and deceased and struck deceased where the witness testified that he had noticed the car when it was twenty to thirty feet away. Defendant's contention that the darkness of night prevented an opportunity for observation goes to the weight rather than to the admissibility of such testimony.

2. **Criminal Law § 101.4— refusal to furnish transcript to jury—no abuse of discretion**

    The trial court did not abuse its discretion in refusing the jury's request to have a transcript of the trial where the court indicated that a transcript was not yet available and explained that the jury was to base its decision on its recollection of the evidence. The trial court's statement, "This is the best I can do for you," did not constitute a refusal to exercise its discretion as to whether a transcript should be provided.

APPEAL by defendant from *Brannon, Judge.* Judgment entered 14 June 1984 in Superior Court, DURHAM County. Heard in the Court of Appeals 18 September 1985.

Defendant was convicted of involuntary manslaughter and hit and run causing death. G.S. 14-18; G.S. 20-166(a). Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General James Wallace, Jr., for the State.*

*Romallus O. Murphy, for defendant appellant.*

JOHNSON, Judge.

[1]   Defendant assigns as error the trial court's allowance of the opinion testimony by Mr. Shaun Bannon with respect to the speed the vehicle was traveling at the time of the accident. The basis for defendant's assignment of error is that the witness had no basis on which to form a legally competent opinion as to the speed of defendant's car. We disagree.

On 4 February 1984, the deceased, Karen Elizabeth Dudley, left a party to retrieve some cassette tapes from an automobile parked some distance from the party. Shaun Bannon accompanied Ms. Dudley, walking with her single file in a southerly direction in the northbound lane of travel facing traffic. Shaun Bannon testified that a car traveling approximately forty (40) to forty-five (45) miles per hour erratically swerved toward them. Shaun Bannon further testified that he had noticed the car twenty (20) to thirty (30) feet away, and that it was over towards the middle of the road. The vehicle swerved and struck Ms. Dudley. Mr. Bannon was able to step out of the way of the oncoming vehicle. Ms. Dudley suffered compound fractures and severe brain trauma with death resulting from the injuries. The information provided by Mr. Bannon and the green paint stains on the clothing of Ms. Dudley led to the arrest of defendant.

Expert testimony linked defendant's car with the accident which killed Ms. Dudley. Defendant denied involvement with the hit and run accident. Testimony of various witnesses established that defendant had consumed vodka at the residence of Mr. Willie Vine on 4 February 1984 and that he appeared high, drunk, tired or sleepy.

The conflict between the State's witnesses and defendant's witnesses revolves around the time defendant left the residence of Mr. Willie Vine. Defendant and other witnesses contend that

he left around 11:00 p.m. and arrived home around 11:20 p.m. that evening. The State's witnesses said defendant left Mr. Vine's home at approximately 10:00 p.m. and arrived home around 11:00 p.m.

It is well settled that a lay witness may testify as to his opinion about the speed of a moving vehicle. *Lookabill v. Regan*, 247 N.C. 199, 100 S.E. 2d 521 (1957). The prerequisite to such testimony is that there was an opportunity to see the event being testified about. *Id.*

Defendant contends that the witness was unable to observe the speed of the oncoming vehicle that was twenty (20) to thirty (30) feet away. The witness in *Regan* was in a moving vehicle, yet was held competent to testify about an oncoming vehicle's rate of speed. *Id.* at 201, 100 S.E. 2d at 522. The witness in the case *sub judice* testified that his attention was focused on the vehicle as a response to the vehicle's swerve toward him. The ability of the witness to accurately determine the speed is a question of credibility rather than a question of admissibility. *Smith v. Stocks*, 54 N.C. App. 393, 283 S.E. 2d 819 (1981).

As long as the time and distance of the observation enable the witness to do more than hazard a guess, the testimony is admissible. *Id.* Defendant also contends that the darkness of the night prevented an opportunity for observation. This contention goes to the weight of the evidence and does not make it inadmissible. We, therefore, conclude the opinion testimony with respect to the speed of the vehicle was properly admitted.

Defendant's second assignment of error is that the court erred by not granting his motion for nonsuit. His argument is premised on the inadmissibility of the opinion testimony with respect to the speed of defendant's vehicle. The State relied on the opinion testimony to buttress its case on involuntary manslaughter. Without such testimony, defendant contends that his motion for nonsuit should have been granted. Consistent with our discussion above we find defendant's assignment of error without merit.

[2] Finally, defendant contends the trial court erred in refusing to have portions of the evidence read to the jury. During the jury's deliberation the foreman requested a transcript of the trial.

State v. Green

The response given by the trial judge indicated that a transcript was not yet available. Moreover, the judge explained that the jury was to base its decision on the recollection of those twelve (12) jurors as to what the facts were. A review of the evidence and testimony by the jury is in the discretion of the trial court. G.S. 15A-1233. The wrongful denial of a jury request for a review of the evidence should be corrected by an appellate court when there is an abuse of discretion resulting in prejudicial error. *State v. Taylor*, 56 N.C. App. 113, 287 S.E. 2d 129 (1982).

Defendant argues that the judge refused to exercise his discretion. We disagree. Defendant failed to object at the time, nonetheless, we review the merits of his argument. Rule 10(b)(2), N.C. Rules App. P. The judge explained at length his reasoning for not providing a transcript to the jury. Defendant assigns as error the following statement: "This is the best I can do for you." The trial judge was expressing his belief that the explanation provided was the best possible. Defendant would assert that this statement is a refusal to exercise discretion. *See State v. Lang*, 301 N.C. 508, 272 S.E. 2d 123 (1980). The refusal in *Lang* was premised on the trial judge's erroneous belief that the judge did not have the authority to provide a transcript to the jury. *Id.* In the case *sub judice* the trial judge recognized that he did have the authority to provide a transcript, but in his discretion the jury's request was denied and the jury was instructed to rely upon its own recollection of the evidence. Moreover, we conclude there was no prejudice such that a different result would have been reached.

No error.

Judges EAGLES and PARKER concur.