STATE OF NORTH CAROLINA v. RICHARD LIONEL COOK

No. COA06-1355-2

(Filed 7 October 2008)

## 1. Evidence— relevance—preclusion of cross-examination— no abuse of discretion

There was no abuse of discretion in a murder and assault prosecution arising from impaired driving where the trial court interrupted defendant's cross-examination concerning the side effects of his work-place exposure to chemicals, sent the jury out, and excluded the line of questions for lack relevance and a foundation. Defendant did not request a limiting instruction upon the jury's return and failed to lay a sufficient foundation through later testimony.

## 2. Evidence— refreshing memory—other evidence

Any error in allowing witnesses to refresh their memory was made harmless by the introduction of other evidence.

## 3. Evidence— highway patrol trooper's opinion—impaired driving—other evidence

The erroneous admission of a highway patrol trooper's opinion that defendant was impaired (because the opinion was based on hearsay and conjecture) did not change the outcome where there was other overwhelming evidence to the same effect.

**STATE v. COOK**

[193 N.C. App. 179 (2008)]

Appeal by defendant from judgments entered 22 February 2006 by Judge J.B. Allen Jr. in Alamance County Superior Court. This case was originally heard in the Court of Appeals 22 May 2007. *See State v. Cook*, 184 N.C. App. 401, 647 S.E.2d 433 (2007). Upon remand by order from the North Carolina Supreme Court, filed 12 June 2008. *See State v. Cook*, 362 N.C. 285, 661 S.E.2d 874 (2008).

*Attorney General Roy Cooper, by Special Counsel Issac T. Avery, III, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Constance Widenhouse, for defendant-appellant.*

TYSON, Judge.

This Court initially heard Richard Lionel Cook's ("defendant") appeal from judgment entered after a jury found him to be guilty of: (1) second-degree murder pursuant to N.C. Gen. Stat. § 14-17 and (2) two counts of assault with a deadly weapon inflicting serious injury pursuant to N.C. Gen. Stat. § 14-32(b). *See Cook*, 184 N.C. App. at 401, 647 S.E.2d at 433. A divided panel of this Court found no error in part and remanded in part with instructions. *See id.*

The State appealed pursuant to N.C. Gen. Stat. § 7A-30(2). Our Supreme Court vacated and remanded the matter to this Court. *Cook*, 362 N.C. at 286, 661 S.E.2d at 875. Upon remand and after further review, we hold that any error in the denial or admission of testimony, the jury's verdict, or the judgments entered thereon was harmless beyond a reasonable doubt.

## I. Background

On or about 14 February 2005, defendant was indicted for: (1) second-degree murder; (2) felony death by motor vehicle; (3) two counts of assault with a deadly weapon inflicting serious injury; (4) reckless driving; and (5) driving while impaired. These charges stemmed from a traffic accident which occurred on 29 October 2004. For a more thorough discussion of the underlying facts, see this Court previous opinion: *Cook*, 184 N.C. App. at 401, 647 S.E.2d at 433.

Defendant's trial began 20 February 2006. On 22 February 2006, the jury found defendant to be guilty of second-degree murder and two counts of assault with a deadly weapon inflicting serious injury. Defendant was sentenced in the presumptive range to a minimum of 176 months and a maximum of 221 months imprisonment for

**STATE v. COOK**

[193 N.C. App. 179 (2008)]

the second-degree murder conviction and consecutive terms of a minimum of 27 months and a maximum of 42 months imprisonment for each assault with a deadly weapon inflicting serious injury conviction. Defendant appealed.

A divided panel of this Court: (1) found no error in defendant's two assault with a deadly weapon inflicting serious injury convictions based on defendant's failure to assign error to those convictions and (2) remanded this case to the trial court for a hearing concerning the trial court's denial of defendant's motion to continue. *Id.* at 411, 647 S.E.2d at 439. Our Supreme Court specifically held that the trial court's failure to grant a continuance was error, but such error was harmless beyond a reasonable doubt. *Cook*, 362 N.C. at 286, 661 S.E.2d at 875. Our Supreme Court vacated this Court's ruling and remanded this case to this Court "for consideration of defendant's remaining assignments of error." *Id.*

## II.  Remaining Issues

Defendant argues the trial court erred when it: (1) precluded defendant's cross-examination regarding Gene Mullis's ("Mullis") personal knowledge of the side effects of the chemicals to which defendant was exposed at work on 28 October 2004; (2) allowed the State to refresh the recollection of John Talbot ("Talbot") and paramedic Kyle Buckner ("Buckner"); and (3) admitted North Carolina State Trooper Clint Carroll's ("Trooper Carroll") opinion testimony that defendant was impaired at the time the collision occurred.

## III.  Standard of Review

"The standard of review for this Court assessing evidentiary rulings is abuse of discretion. A trial court may be reversed for an abuse of discretion only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision." *State v. Hagans*, 177 N.C. App. 17, 23, 628 S.E.2d 776, 781 (2006) (internal quotations omitted).

## IV.  Cross-examination of Mullis

**[1]** Defendant argues the trial court erred when it precluded *ex mero motu* defendant's cross-examination of Mullis, defendant's employer, about the side effects of the chemicals to which defendant was exposed the previous day. We disagree.

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determi-

nation of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2005). "The trial judge has inherent authority to supervise and control trial proceedings. The manner of the presentation of the evidence is largely within the sound discretion of the trial judge and his control of a case will not be disturbed absent a manifest abuse of discretion." *State v. Davis*, 317 N.C. 315, 318, 345 S.E.2d 176, 178 (1986) (citations omitted).

Here, defense counsel, through cross-examination, attempted to introduce evidence of defendant's impairment by chemicals at work. The trial court interrupted the cross-examination and sent the jury out of the courtroom. The trial court told defense counsel that he had "not laid any ground work[]" and that this questioning was not "relevant at this time." Defendant argues that "when the [trial] [c]ourt interrupted defense counsel's cross-examination without objection from the [S]tate, the jury was left to infer that the [trial] [c]ourt felt that the evidence and the particular line of questioning was somehow improper, or worse still, irrelevant." We disagree. Upon the jury's return, defendant failed to request of the trial court to instruct the jury that its interruption of the cross-examination should not be viewed as an expression on the validity of the evidence. Defendant also made no further efforts to lay a sufficient foundation for admission of this testimony. No evidence was introduced, either before Mullis's testimony or after, regarding defendant's exposure to chemicals at work which defendant questioned Mullis about.

Defendant has failed to show that the trial court's preclusion of testimony of Mullis's personal knowledge about the side effects of the chemicals defendant was exposed to constituted a manifest abuse of discretion. *Hagans*, 177 N.C. App. at 23, 628 S.E.2d at 781. Defendant failed to request that the trial court issue a limiting instruction upon the jury's return and failed to lay a sufficient foundation for this line of questioning through later testimony. This assignment of error is overruled.

### V. Refreshed Recollection

[2] Defendant argues the trial court erred when it allowed the State to refresh the recollections of Talbot and Buckner. We disagree.

### A. Talbot

The following exchange occurred during Talbot's testimony:

Q Did you see any movements made by that truck?

A  No, sir.

Q  Was that a tango truck?

A  Yes, sir.

Q  Do you recall speaking to the DA's Office Investigator Mr. Lynch in, sometime in mid-November?

A  Yes, sir.

Q  Would it help to refresh your memory as to what you observed as to the tango truck that night?

[Defense Counsel]:  Objection.

Court:  Over-ruled

A  Yes, sir.

Talbot then looked at his statement and stated his memory had been refreshed and that defendant's vehicle "swerved over so close to the tango truck that he had to swerve."

Presuming *arguendo* that the trial court's ruling was erroneous, the record shows that the State offered, and the trial court admitted, other evidence that the white vehicle defendant was driving was observed weaving. Other witnesses, in addition to Talbot, informed the jury that the white vehicle driven by defendant was weaving on the highway moments before the crash. We hold that any error from the admission of Talbot's refreshed testimony was harmless beyond a reasonable doubt. *See State v. Carter*, 357 N.C. 345, 359, 584 S.E.2d 792, 802 (2003) ("Assuming *arguendo* that the trial court erred at all in excluding such evidence, the fact that this same evidence was admitted without objection at a different point makes any alleged error likely harmless." (Citation omitted)). This assignment of error is overruled.

### B. Buckner

The following exchange occurred during Buckner's testimony:

Q  Did [defendant] ever say anything to you or in your presence about consumption of alcohol?

A  No ma'am.

Buckner was then asked if he had reviewed a copy of the interview with the investigator. Buckner replied "I have a copy in my presence." Again, over defendant's objection, Buckner reviewed the statement

and was asked if he "can recall whether or not this defendant made any statements about what he had to drink?" Buckner said "Yes, ma'am. I do read here where I told Mr. Lynch that [defendant] did tell me that he had had a couple of beers."

Both the State and Defendant agree that it is unclear whether Buckner's recollection was refreshed or whether he merely read the prior statement into evidence. The identical testimony was nonetheless admitted into evidence when Buckner's fellow paramedic Mike Childers ("Childers") testified that "[defendant] responded with he had had two beers." We hold that any error in the admission of this evidence was harmless beyond a reasonable doubt. *Carter*, 357 N.C. at 359, 584 S.E.2d at 802. This assignment of error is overruled.

## VI.  Trooper Carroll's Opinion Testimony

**[3]** Defendant argues the trial court erred when it admitted Trooper Carroll's opinion testimony that defendant was impaired at the time the collision occurred. Defendant asserts this testimony was an opinion based upon hearsay and conjecture. We agree.

### A.  Personal Knowledge

"A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself." N.C. Gen. Stat. § 8C-1, Rule 602 (2005).

The following exchange occurred during Trooper Carroll's testimony:

Q  Trooper, that night when, when you had [defendant] sign that form, based on your investigation, had you formed an opinion that was satisfactory to yourself as to whether or not [defendant] had consumed some type of impairing substance that would appreciably impair his mental or physical faculties?

[Defense Counsel]:  Objection.

Court:  I'll let him give his opinion if he has one.

A  Yes, sir. I had formed an opinion that night.

Q  That he had or had not?

A  That [defendant] had consumed a sufficient amount of impairing substance to appreciable notify [sic] his mental and

physical faculties. And what I based it on was the witness statements that I had read that night at the accident, the damage of the cars that, that corroborated what the witness statements said, and also with what . . . [Childers] . . . had motioned [sic] to me in reference to [defendant] having been drinking that night.

We agree with defendant that this portion of Trooper Carroll's testimony was inadmissable because it was not based on Trooper Carroll's personal knowledge, but based solely upon hearsay and conjecture. *Id.* We hold the trial court erred when it admitted this portion of Trooper Carroll's testimony over defendant's objection. *Id.*

### B. Prejudice

[D]efendant is not entitled to a new trial unless the erroneous admission of this testimony prejudiced him.

In determining whether a criminal defendant is prejudiced by the erroneous admission of evidence, the question is whether there is a reasonable possibility that, had the evidence not been admitted, the jury would have reached a different verdict.

*State v. Shaw*, 106 N.C. App. 433, 441, 417 S.E.2d 262, 267 (citing N.C. Gen. Stat. § 15A-1443(a) (1988)), *disc. rev. denied*, 333 N.C. 170, 424 S.E.2d 914 (1992).

Here, the record shows other overwhelming evidence that defendant: (1) drank heavily before operating his vehicle; (2) caused a tractor trailer truck to run off the road; (3) almost swerved into another truck; (4) struck a vehicle parked on the shoulder of the highway; (5) told Childers he "had two beers[;]" and (6) tested positive for the presence of amphetamines, marijuana, and opiates in his body.

The State also presented evidence which tended to establish that the inside of defendant's vehicle and defendant's breath smelled of alcohol. Defendant has failed to show any reasonable possibility that the jury would have reached a different verdict had the trial court properly excluded Trooper Carroll's inadmissible opinion testimony. *Id.*

### VII. Conclusion

Defendant has failed to show the trial court's *ex mero motu* pause of defense counsel's cross examination of Mullis was "so arbi-

trary that it could not have been the result of a reasoned decision." *Hagans*, 177 N.C. App. at 23, 628 S.E.2d at 781 (quotation omitted). Defendant made no further effort to lay a sufficient foundation to admit this testimony.

The trial court's allowance of the State to refresh the recollection of both Talbot and Buckner, if error, was harmless beyond a reasonable doubt. *Carter*, 357 N.C. at 359, 584 S.E.2d at 802. Presuming, without deciding, their testimony was admitted in error, identical testimony was introduced through other witnesses.

Defendant failed to show any reasonable possibility that, had the trial court properly excluded Trooper Carroll's opinion testimony, the jury would have reached a different verdict. *Shaw*, 106 N.C. App. at 441, 417 S.E.2d at 267.

Defendant received a fair trial, free from the prejudicial errors he preserved, assigned, and argued. We hold that any error in the denial or admission of testimony, the jury's verdict, or the judgments entered thereon was harmless beyond a reasonable doubt.

Harmless Error.

Judges WYNN and CALABRIA concur.