STATE OF NORTH CAROLINA v. THOMAS WAYNE LIVENGOOD

No. COA09-1414

(Filed 7 September 2010)

**1. Evidence— cross-examination—objection to expert testi-mony—failure to give desired answer**

The trial court did not abuse its discretion in a first-degree statutory sexual offense case by overruling defendant's objection to an expert witness's answer to a question asked by defense counsel during cross-examination. The fact that the witness did not give defense counsel the desired answer did not constitute a basis for defendant's objection.

**2. Constitutional Law— effective assistance of counsel—fail-ure to show prejudice**

Defendant did not receive ineffective assistance of counsel in a first-degree statutory sexual offense case based on his trial counsel's failure to object to portions of a witness's testimony, asking certain questions of that same witness, and failing to object to the trial court's denial of the jury's request for a tran-script of trial testimony. Defendant extracted small snippets of testimony taken out of context, the trial court denied the jury's request for a transcript in its discretion, and defendant failed to show any prejudice arising from defense counsel's actions.

Appeal by defendant from judgment entered 11 June 2009 by Judge Richard L. Doughton in Rowan County Superior Court. Heard in the Court of Appeals 24 March 2010.

*Attorney General Roy Cooper, by Assistant Attorney General Lauren M. Clemmons, for the State.*

*Kevin P. Bradley, for defendant-appellant.*

STEELMAN, Judge.

**STATE v. LIVENGOOD**

[206 N.C. App. 746 (2010)]

The trial court did not err in overruling defendant's objection to a witness' answer to a question asked by defense counsel during cross-examination. Defendant can show no prejudice resulting from his trial counsel's failure to object to questions asked by the State, to certain questions asked by defense counsel, and the failure of defense counsel to object to the trial court's discretionary ruling that denied the jury's request for a transcript of certain testimony during its deliberations.

## I. Factual and Procedural Background

Defendant was indicted for three counts of incest with a stepchild, three counts of first degree statutory rape of a child less than 13 years of age, and two counts of first degree statutory sexual offense with a child less than 13 years of age. Each of these charges was based upon defendant's conduct with D, his stepdaughter. At the conclusion of the State's evidence, the trial court dismissed two counts of incest, two counts of first degree statutory rape, and one count of first degree statutory sexual offense. The jury found the defendant guilty of one count of first degree statutory sexual offense. As to the remaining two charges, the jury was deadlocked, and the trial court declared a mistrial. Defendant was sentenced to a minimum of 336 months and a maximum of 413 months from the presumptive range of sentences. Defendant appeals.

## II. Overruling Objection Claim

[1] In his first argument, defendant argues the trial court erred in overruling his objection to the answer of Dr. Russo to a question asked by defense counsel during cross-examination. We disagree.

### A. Standard of Review

On appeal, we review the trial court's evidentiary rulings for abuse of discretion. *State v. Cook*, 193 N.C. App. 179, 181, 666 S.E.2d 795, 797 (2008). An abuse of discretion is a ruling "so arbitrary that it could not have been the result of a reasoned decision." *Id.* (quoting *State v. Hagans*, 177 N.C. App. 17, 23, 628 S.E.2d 776, 781 (2006)).

### B. Dr. Russo's Testimony

Dr. Kathleen Russo testified at trial as an expert witness for the State in the field of pediatric medicine specializing in the diagnosis and treatment of child sex abuse. On direct examination, Dr. Russo testified that she interviewed D. The physical examination of D revealed no signs of trauma to D's hymen. On cross-examination, Dr. Russo opined, without objection, that her physical findings could be

STATE v. LIVENGOOD

[206 N.C. App. 746 (2010)]

consistent with rape or with no rape. Upon recross-examination, defense counsel attempted to get Dr. Russo to agree with the portion of the above-recited testimony that was favorable to defendant:

> [Defense counsel]: And the medical aspects of this case physically are that there are no showings of any rape; correct?

> A: There's no physical findings which do not rule out her disclosure, sir.

> [Defense counsel]: I'm going to object to that final statement, Your Honor.

> [Trial Court]: Overruled.

Defendant argues that Dr. Russo's answer constituted an impermissible comment on the credibility of D, in violation of this Court's holding in *State v. Horton,* —— N.C. App. ——, 682 S.E.2d 754, 757 (2009). We hold that the trial court did not abuse its discretion in overruling defendant's objection. Dr. Russo's response was consistent with her prior testimony that her physical findings were consistent with rape or no rape, and was not a comment on D's credibility. The fact that the witness did not give defendant's counsel the answer desired, emphasizing the portion of her testimony that was favorable to defendant, did not constitute a basis for defendant's objection.

This argument is without merit.

### III. Ineffective Assistance of Counsel Claim

[2] In his second argument, defendant contends that the performance of his trial attorney was so deficient as to violate the guarantee of effective assistance of counsel contained in the Sixth Amendment of the United States Constitution and in Article I, Section 23 of the North Carolina Constitution. Defendant argues that his trial counsel was ineffective in (1) failing to object to portions of Dr. Russo's testimony which defendant contends were a comment on D's credibility; (2) asking certain questions of Dr. Russo; and (3) failing to object to the trial court's denial of the jury's request for the trial testimony of D and Dr. Russo. We disagree.

### A. Standard of Review

A defendant claiming ineffective assistance of counsel must demonstrate, based on the totality of the circumstances: (a) his trial counsel made such errors that he was not functioning as the counsel guaranteed in the United States and North Carolina Constitutions;

and (b) the deficient performance prejudiced the defense so that defendant did not receive a fair trial. *State v. Braswell*, 312 N.C. 553, 562, 324 S.E.2d 241, 248 (1985); *State v. Miller*, 64 N.C. App. 390, 390-91, 307 S.E.2d 439, 439 (1983), *cert. denied*, 311 N.C. 308, 317 S.E.2d 906 (1984); *see also Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693 (1984). Defendant's burden is heavy: appellate courts are highly deferential to the choices counsel makes at trial because the tactics of effective lawyers vary widely. *Strickland*, 466 U.S. at 689, 80 L. Ed. 2d at 694.

### B. Analysis

### 1. Testimony of Dr. Russo

Defendant has extracted small snippets of Dr. Russo's testimony out of context and strung them together to argue that Dr. Russo was making comments on D's truthfulness. Defendant contends that trial counsel was ineffective in: (a) failing to object to Dr. Russo's testimony that D was "very cooperative" during her interview with Dr. Russo; (b) failing to object to Dr. Russo's professional "diagnosis . . . that [D] suffered a traumatic episode and . . . needed mental health counseling to help her understand what happened to her;" (c) failing to object to Dr. Russo's statement that "[D] gave [Dr. Russo] no reason to think" that D transferred her sexual abuse allegations onto defendant; and (d) asking Dr. Russo to affirm her statement that, according to D's statements at her interview with Dr. Russo, D "was the victim . . . of sexual abuse." Defendant contends that this testimony had the effect of an expert witness vouching for the credibility of D, which is not permitted under *State v. Horton*, 200 N.C. App. 74, 77-78, 682 S.E.2d 754, 757 (2009).

### a. "[D] was very cooperative"

This statement was made as part of Dr. Russo's direct testimony, where she described the procedures used at the commencement of her interview of D, a young child. The statement described D's attitude in the interview; that she was not reticent. In the context of this portion of Dr. Russo's testimony, it was not a comment on D's truthfulness. This evidence was relevant, properly admitted, and would have withstood an objection by defendant's counsel. Defendant can show no prejudice arising from this action by his trial counsel.

### b. "[D] suffered a traumatic episode"

On cross-examination, defense counsel asked Dr. Russo whether she had written any prescriptions for D following the examination. Dr. Russo stated that she made a psychological referral. On redirect, the prosecutor confirmed this testimony, and asked Dr. Russo about her diagnosis upon which the referral was based. Dr. Russo responded that D had suffered a traumatic episode and needed mental health counseling. Dr. Russo did not state the source of the traumatic episode or make any comment on D's truthfulness. This evidence was relevant, properly admitted, and would have withstood an objection by defendant's counsel. Defendant can show no prejudice arising from this action by his trial counsel.

### c. No reason to think sexual abuse transferred to defendant

Defense counsel examined Dr. Russo concerning D's fear of her grandmother's boyfriend, and whether her fear of that person was transferred to defendant by D. Dr. Russo stated that she did not believe so. Defense counsel then asked Dr. Russo the basis of that belief. Dr. Russo stated: "She gave me no reason to think that in my interview." This testimony was not a comment on D's truthfulness, but simply a statement that there was nothing in the interview that would have given credence to defendant's transference theory. We cannot say that the raising of the transference theory, and its rejection by Dr. Russo, was prejudicial to defendant.

### d. "[D] was the victim of sexual abuse" based on "what [D] said"

Defendant next points to the following exchange that took place during defense counsel's recross-examination of Dr. Russo:

Q: When you say you believe that [D] was the victim, I think, of sexual abuse—is that what you said?

A: Yes, it is, sir.

Q: You're just saying what she said; right?

A: Correct.

The import of this exchange was not that Dr. Russo was giving her own opinion that D was the victim of sexual abuse, but that she was merely reiterating what D told her. We cannot say that the above exchange was prejudicial to defendant.

STATE v. PELT

[206 N.C. App. 751 (2010)]

## 2. Jury's Transcript Request

The decision by a trial court to not provide trial testimony to the jury will be upheld absent an abuse of discretion. *State v. Green*, 77 N.C. App. 429, 431-32, 335 S.E.2d 176, 178 (1985). We review this issue to determine whether the trial court exercised its discretion in declining to provide the jury with the trial testimony of D and Dr. Russo.

In *Green*, this Court held that the trial court did not abuse its discretion where it denied the jury's request for trial testimony and defendant did not object, because the trial judge recognized the decision to have a transcript prepared was discretionary. *Id.* In the case at hand, Judge Doughton denied the jury's request for a transcript without an objection from defense counsel, ruling that "*in my discretion . . . I'm going to tell [the jury] that it's their duty to recall and remember the testimony that was presented.*" (emphasis added).

We hold that the trial court did not err in denying the jury's request for a transcript because Judge Doughton denied the request in his discretion. Because Judge Doughton properly denied the jury's request for the testimony, defendant was not prejudiced by the failure of trial counsel to object to the trial court's decision.

Absent a showing of prejudice, defendant's ineffective assistance of counsel claims fail, and we reject defendant's second argument.

NO ERROR.

Judges BRYANT and BEASLEY concur.